20 So.2d 596

**SEAMON et al. v. TATUM.**

**3 Div. 417.**

Supreme Court of Alabama.

Jan. 18, 1945.

Grady Reynolds and Reynolds & Reyn-
olds, all of Clanton, for appellants.

Geo. M. Taylor, Jr., of Prattville, for
appellee.

THOMAS, Justice.

A bill in equity was filed by P. K. Tatum
against his nine brothers and sisters, to sell
for division 120 acres of land owned by
the father W. P. Tatum at the time of his
death on August 1, 1928. A cross bill was
filed by the five appellants and one sister
which sought to sell an additional forty
acres for division between the joint owners
and in the cross bill it is alleged that the
additional forty acres also belonged to the
father at the time of his death. The only
dispute in the case as to the land is with
reference to the forty acres brought in
question by the cross bill.

Martha J. Tatum, the wife of W. P. Ta-
tum, survived him. In 1892 W. P. Tatum
deeded the forty acres in dispute to his wife
Martha J. Tatum, and in 1936 she deeded
said forty acre tract to P. K. Tatum. How-
ever, Martha J. Tatum, the mother, lived
on said forty acres for more than twenty
years and died thereon on October 21,
1942.

After the death of W. P. Tatum in 1928
the one hundred and twenty acres of land
described in the bill of complaint were
set aside to the widow Martha J. Tatum
in a proceeding in the Probate Court of
Autauga County under her dower and
homestead rights. The forty acres of
land described in the cross bill were not in-
volved in this proceeding.

There was no dispute or contest between
the parties as to the original one hundred
and twenty acres of land described in the
bill of complaint and the court promptly
and properly granted the relief prayed for
in the original bill and ordered the one
hundred and twenty acres of land sold for
division among the joint owners. The
court in the same decree denied the relief
prayed for in the cross bill and dismissed
it.

Mr. Rice represented six of the respond-
ents in the cause and was in life at the
time the first decree in the cause was ren-
dered on October 19, 1943. He prepared
the appeal bond from the first decree which
was approved and filed on October 27,
1943, the day of his death.

Notwithstanding the appeal, the register
proceeded to carry into effect the decree
rendered on October 19, 1943, advertised,
and sold the one hundred and twenty acres
in accordance with that decree.

Counsel for appellants find no fault with
that part of the decree dismissing the cross

bill eliminating from the sale the forty acres of land described in the cross bill. The facts as to the title to the forty acres are shown by evidence in the cause. It is shown that in 1892 W. P. Tatum the father was the owner of the forty acres and other lands not involved in this suit, and duly conveyed all the property of every kind he owned to his wife Martha J. Tatum. Through some error in assessment of taxes this forty acres of land (SE-1/4 of SW–1/4 of Section 33, Township 19, Range 16, Autauga County, Alabama) in 1923 was sold for taxes as the property of "Owner Unknown" and was purchased by W. C. Bazzell and A. C. McCrary. The appellants sought to establish title to the forty acres in question in W. P. Tatum through this tax proceeding. The purchasers of the tax title conveyed the forty acres in question to W. P. Tatum on September 16, 1926, and said forty acres were assessed by W. P. Tatum through 1928, the date of his death. Martha J. Tatum, the wife, assessed the property from 1929 to 1942, inclusive. The evidence discloses that Martha J. Tatum, mother of the jointowners, resided in a house on this forty acres of land for more than fifty years, and she was residing there on the date of the assessment of 1922 and until her death.

It is insisted by appellants that all proceedings in the cause subsequent to the appeal to this court on October 27, 1943, were void and of no effect and the court had no jurisdiction to proceed until the cause was heard and determined by this court.

The 120 acres of land described in the original bill was sold by the register for $1600 on November 15, 1943. In the last paragraph of the decree of October 19, 1943, from which the appeal was taken, the register of the court was directed to hold a reference in these words, "That after such sale, the Register * * * * immediately hold a reference to ascertain what would be a reasonable fee to be allowed complainant's solicitor for his services rendered in this cause, which findings on such reference, together with her report of sale, shall be made to this Court, and such report is ordered to lie over for the term of five days, in which time exceptions or objections may be filed thereto, and after the expiration of said five days, the Register is ordered and directed to return her said report to this Court for further orders."

The register thereafter held a reference to ascertain what would be a reasonable fee to be allowed complainant's solicitor for his services rendered in this cause. This reference and report is set out in the record. The appellants are not shown to have been represented by an attorney and no notice shown to have been given any of the appellants, "and no one attended the reference representing the appellants." The witnesses each testified that a fee of $300 would be a fair and reasonable compensation for the attorney for the complainants in this cause. The register so reported this to the court and thereafter and on November 23, 1943, the court rendered a decree confirming the sale and ordering a conveyance of the property, and ordering the register to disburse the funds as set forth in the decree pursuant to such evidence and finding. The appellants on December 24, 1943, appealed from this decree and insist that, "Even though the court had jurisdiction to proceed after the appeal from the decree of October 19th, 1943, the court was in error in the decree of October 19th, 1943, in directing the register to immediately hold a reference to ascertain what would be a reasonable fee to be allowed complainant's solicitor for his services rendered in this cause." Further appellants insist the register was in error in holding a reference without notice to appellants, and "That the court was in error in confirming the register's report on this reference, and in allowing the solicitor's fee of $300.00 out of the proceeds of the sale, for services rendered by the solicitor for the appellee in the cause."

▮ The appeal perfected on October 27, 1943, from the decree of October 19, 1943, did not have the effect of removing the cause from the jurisdiction of the circuit court, in equity (as we will indicate), and the court had authority thereafter to proceed to execute the decree appealed from or to sell the lands in dispute. Maya Corporation v. Smith, 239 Ala. 470, 474, 196 So. 125; Bell v. King, 210 Ala. 557, 98 So. 796; Austin v. City of Anniston, 243 Ala. 214, 8 So.2d 410; Wilkes v. Hawkins, 240 Ala. 85, 195 So. 446; Gibson v. Edwards, 245 Ala. 256, 16 So.2d 865. The bonds given in this case were not supersedeas bonds under Code 1940, Tit. 7, § 795, and authorities there collected. See also Collier v. State ex rel. Powell, 241 Ala. 459, 3 So.2d 17; Dortch Baking Co., et al., v. Schoel, 239 Ala. 266, 194 So. 807; City of Decatur et al. v. Meadors, 235 Ala. 544, 180 So. 550.

313

It was error for the register as a master to hold a reference without assigning a time and place for the proceeding and giving a reasonable notice to the parties or their solicitors of record of such hearing. Equity Rule 79(c), Code 1940, p. 1108, Tit. 7 Appendix; Code 1923, § 6595.

It is further insisted by appellants that it was error for the court to order a reference directing the register to ascertain, "What would be a reasonable fee to be allowed complainant's solicitor for his services rendered in the cause?" It appears from the record that the "services rendered" included the defense of the individual interest of appellee and such services were for the defense of a cross bill involving lands, not the common property of the joint owners. The rule that obtains in this jurisdiction is stated in Code 1940, Tit. 46, § 63, as follows:

"In all suits and proceedings in the probate courts and circuit courts and other courts of like jurisdiction, where there is involved the administration of a trust, or where there is involved the sale of property for distribution, or where there is a partition in kind of real or personal property between tenants in common, the court having jurisdiction of such suit or proceeding may ascertain a reasonable attorney's fee, to be paid to the attorneys or solicitors representing the trust, joint, or common property, or any party in the suit or proceeding, and is authorized to tax as a part of the costs in such suit or proceeding such reasonable attorney's fee, which is to be paid when collected as the other costs in the proceeding to such attorneys or solicitors as may be directed or ordered by the court and to be a lien on the several parts in case of partition in kind."

See Graham v. Graham, 207 Ala. 648, 93 So. 660; Coker v. Coker, 208 Ala. 239, 94 So. 308; De Ramus v. De Ramus, 205 Ala. 219, 87 So. 354; Bidwell v. Johnson, 191 Ala. 195, 67 So. 985; Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Lewis v. Wilkinson, 237 Ala. 197, 186 So. 150; Wood v. Amos, 236 Ala. 477, 482, 183 So. 639.

 It will be noted that the statute provides for the ascertainment of "a reasonable attorney's fee, to be paid to the attorneys or solicitors representing the trust, joint or common property, or any party in the suit or proceeding," and authorizes that the same may be taxed as "a part of the cost in such suit or proceeding." The com-

plainants' bill as to the common properties touched all of the parties to the bill. The fact that respondents not only dealt with the common properties but touched the title of said tract in Section 32 did not change the rule contained in our statutes and decisions as to attorney's fees. We hold that after full compliance with the statute as to holding a reference as to reasonable attorney's fees, that such fees should be ascertained and allowed as to distribution of the common properties not withstanding the failure to bring within such sale and distribution the forty acres of land in Section 32 to which we have adverted.

It follows that the decree of sale cannot be set aside although made pending the appeal; that a new reference should be had for the ascertainment of the amount due for attorney's fees for representing the complainants in the sale of the common properties for division as indicated.

Affirmed in part and in part reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.