155 So.2d 309

**Preston W. CARTEE**

v.

**Joe B. HUBBARD, as Public Safety Commissioner of the City of Gadsden.**

7 Div. 608.

Supreme Court of Alabama.

June 20, 1963.

Arthur Burns and J. Richard Carr, Gadsden, for appellants.

Roy D. McCord and J. Herbert Meighan, Jr., Gadsden, for appellee.

HARWOOD, Justice.

By a majority vote on 10 January 1963, the Gadsden Civil Service Board appointed Preston W. Cartee as Chief of Police of the City of Gadsden, effective immediately.

This decision of the Civil Service Board was appealed to the Circuit Court of Etowah County the following day, by the City of Gadsden, acting by its Mayor and Commissioners.

This appeal came on to be heard by the Circuit Court without a jury and on 12 February 1963, Hon. Virgil Pittman, a judge of said court, entered a judgment for the Civil Service Board and Preston W. Cartee, and against the City of Gadsden and J. H. Snyder, who was acting Chief of Police under appointment by the City Commission. The court found that "Preston W. Cartee is the legally selected Chief of the Police Department of the City of Gadsden."

On the day that this judgment was rendered, i. e., 12 February 1963, the City of Gadsden, by its Mayor and City Commissioners, filed an appeal bond securing all costs of appeal to this court from the judgment rendered by the Circuit Court.

On 25 February 1963, some thirteen days after the posting of the appeal bond, Preston W. Cartee filed a petition for an alternative writ of mandamus for the purpose of putting into effect immediately the judgment of the Circuit Court finding Cartee to be the legally selected Chief of Police of Gadsden.

Pretermitting reference to all of the pleadings, we think it suffices to say that in the mandamus proceedings the defendant City Commission filed a plea in abatement setting up that the appeal from the judgment of 12 February 1963, had divested the Circuit Court of jurisdiction over the matters set forth in the petition.

To this plea in abatement the petitioner filed a demurrer, and a motion to strike, and upon the demurrer and motion to strike being overruled, the petitioner moved for a non-suit with leave to appeal, which motion was granted. Cartee then perfected his appeal and it is in this aspect we review the proceedings below.

Originally at common law a writ of error, proprio vigore, suspended or superseded all further proceedings in the lower court as for the enforcement of the judgment sought to be reviewed. However, at an early date this rule was changed by statute. Sharp v. Edwards, 203 Ala. 205, 82 So. 455.

■■ Section 792, Title 7, Code of Alabama 1940, permits an appeal upon the appellant giving security for costs, without a supersedeas bond. When such an appeal is taken without giving a supersedeas bond, the right of the appellee to enforce the judgment is not suspended during the appeal, and whatever measures are necessary for the execution of the judgment, it is the duty of the court to pursue, on application of the party in interest, as if the appeal had not

**358**

been taken. Ohio Cas. Ins. Co. v. Gantt, 256 Ala. 262, 54 So.2d 595, and cases cited. Thus the common law rule that a writ of error (or an appeal as a substitute by statute) superseded a judgment in and of itself has by statute been changed to the extent that an appeal does not ordinarily supersede the judgment in the absence of a supersedeas bond. See Secs. 793, 794, 795, Title 7, Code of Alabama 1940.

The above rules are applicable to suits between private parties. The present appellant is the City of Gadsden, a municipality. There can be no doubt that matters pertaining to the operation of its police department relate to governmental functions of the municipality.

By the provisions of Section 72, Title 7, Code of Alabama 1940, the State is entitled to all remedies provided for the enforcement of rights between individuals, without giving bond or security for costs, though the same may be required if the action were between private citizens.

A municipality lives by and through and for the purposes of the State. Town of Boaz v. Jenkins et al., 32 Ala.App. 299, 25 So.2d 394; Ligon v. City of Gadsden, 21 Ala.App. 312, 107 So. 733. In the exercise of its public functions it is an instrumentality of the State. Walls v. City of Guntersville, 253 Ala. 480, 45 So.2d 468. A municipality must therefore be deemed within the purview of Section 72, supra, as to exemption from the necessity of giving bond or security for costs or any supersedeas bond.

We note that the city in the present appeal did give a bond for costs of the appeal. It was not required to do so by statute (Section 72, supra).

By virtue of this exemption provided in Section 72, supra, it must be deemed that, as to municipalities perfecting appeals in judgments concerning the performance of governmental or public functions, the appeal itself will divest the lower court of jurisdiction in the cause and will supersede all further proceedings in the lower court looking toward the enforcement of the judgment.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.