178 So.2d 85

**Ex parte Thomas DEKLE et al.**

**6 Div. 190.**

Supreme Court of Alabama.

Aug. 5, 1965.

Rehearing Denied Sept. 2, 1965.

**308**

Crampton Harris and Robt. G. Esdale, Birmingham, for respondent.

SIMPSON, Justice.

This is an original petition to this Court for Writ of Prohibition to prohibit the Honorable William C. Barber, one of the judges of the Circuit Court, Tenth Judicial Circuit of Alabama, in Equity, from taking further testimony in the case entitled George C. Vann, Jr. and Edith M. Vann, Complainants vs. Thomas Dekle and Virginia Dekle, Respondents, being case number 132–499 on the docket in said court and to prohibit Judge Barber from acting in respect to the decree entered in the foregoing proceeding on February 5, 1965, from which an appeal has been taken to this court.

The initial proceeding between these parties arises out of the allegation on the part of the complainants in the case below that because of a wall having been built along the property line which divides the property of the complainants and respondents, by the respondents, surface water from heavy rains backs up and floods the house of the complainants. In the decree entered by the Circuit Court sitting in equity on February 5, 1965, the respondents (petitioners here) were ordered to "remove that portion of the wall, now existing on the property line between complainants and respondents, which obstructs the natural flow of surface water across or upon complainant's property".

Subsequently, after the decree was entered and the appeal was taken, additional

Whitmire, Morton & Coleman, Birmingham, for petitioners.

flooding occurred causing the complainant's property to be again inundated with water. After the happening of these events these complainants sought to have the court enforce its decree on February 5. The petitioners herein contend that the court is without jurisdiction to entertain this motion on the part of complainants for the reason that an appeal is pending in this court from the decree sought to be enforced. On this theory the petitioners seek this Writ of Prohibition.

 Except for the fact that no supersedeas bond was filed by petitioners upon taking their appeal, they might be right in the position they take here. However, by statute, the complainants in the case below have a right to enforce the decree entered in their favor. Section 792, Title 7, Code of 1940 permits an appeal upon the appellant giving security for costs, without a supersedeas bond. When such an appeal is taken without giving a supersedeas bond, *the right of the appellee to enforce the judgment is not suspended during the appeal, and whatever measures are necessary for the execution of the judgment, it is the duty of the court to pursue on application of the party in interest,* as if the appeal had not been taken. See Ohio Cas. Ins. Co. v. Gantt, 256 Ala. 262, 54 So.2d 595 and cases there cited.

"Thus the common law rule that a writ of error (or an appeal as a substitute by statute) superseded a judgment in and of itself has by statute been changed to the extent that an appeal does not ordinarily supersede the judgment in the absence of a supersedeas bond. See Secs. 793, 794, 795, Title 7, Code of Alabama 1940."— Cartee v. Hubbard, 275 Ala. 356, 155 So.2d 309.

See also Seamon v. Tatum, 246 Ala. 310, 20 So.2d 596, where it is noted:

"The appeal perfected on October 27, 1943, from the decree of October 19, 1943, did not have the effect of removing the cause from the jurisdiction of the circuit court, in equity * * * and the court had authority thereafter to proceed to execute the decree appealed from * * *. [Authorities cited]"

 We think it is clear that the court below has jurisdiction to take whatever measures he deems necessary to enforce the decree of his court heretofore entered, and in light of the emergency facing the parties to this litigation, we believe he is abundantly authorized to hear testimony on the question of what remedy would most effectively render justice to the parties under the circumstances.

Writ denied.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.