The defendant/appellant, Leon C. Baker, has filed a motion in his pending appeal asking this Court to grant a stay of proceedings on appeal without requiring him to post a supersedeas bond. The case involves the plaintiffs' attempt to collect on a judgment.
The plaintiffs, J.R. and Laura Bennett, sued Baker, alleging fraud, negligence, and malpractice. Baker, a New York tax attorney, had created a tax shelter for the profits realized from the Bennetts' business. The IRS found the tax shelter to be abusive but did not charge penalties, because the Bennetts had relied on advice from Baker. The amount of the judgment against Baker was $440,025.
This Court affirmed the judgment in Baker v. Bennett,603 So.2d 928 (Ala. 1992). One of the issues on that appeal was whether the trial court had had personal jurisdiction over Baker. We held that the trial court had had personal jurisdiction over Baker, a resident of New York, because Baker had had such contacts with Alabama that maintenance of the action did not offend the traditional notions of fair play and substantial justice. Baker was "transacting business" in Alabama (see Rule 4.2, A.R.Civ.P.); he had intentionally sent documents to this state to be executed by Alabama residents, he had obtained from Alabama residents promissory notes that were payable to Alabama banks, he had mailed numerous items to Alabama regarding this tax shelter, and he had accepted money from the tax shelter. 603 So.2d at 934.
After this Court's affirmance, the Bennetts filed a garnishment proceeding in Alabama in order to enforce their judgment. They filed the proceeding against three national securities firms that had offices in Alabama, namely, Merrill Lynch; Prudential Bache; and Shearson Lehman. Baker had accounts with the three firms; however, he never had an accountin Alabama and the actual securities in Baker's accounts were located in New York and Boston.
The trial court dismissed the garnishment proceeding. This Court affirmed the dismissal, holding that the trial court did not have jurisdiction over Baker's securities even though the court had personal jurisdiction over these securities firms.Baker v. Bennett, 644 So.2d 901 (Ala. 1994).
The Bennetts then filed an equitable proceeding pursuant to § 6-6-180 et seq., Ala. Code 1975, seeking discovery of assets and an order directing Baker to transfer property to satisfy the judgment. After several evidentiary hearings, the trial court found that the funds located in Baker's personal account could be attached by garnishment. Baker appealed.
The trial court entered an order directing Baker to post a supersedeas bond by October 26, 1994, and, if such bond was not posted, ordering Merrill Lynch to transfer to the Bennetts' attorneys title to enough of Baker's securities to equal the amount of the judgment. Baker refused to comply with the court's order. The trial court then ordered Merrill Lynch to transfer the securities to an *Page 982 
account for the Bennetts' attorneys. The trial court gave Baker sufficient time to post a supersedeas bond in order to stay execution of the order pending the appeal. Baker refused to post the bond. Thereafter, Merrill Lynch complied with the order of the court, placing the money in an account in the name of the Bennetts' attorneys.
Baker then filed a motion with this Court for a stay while his appeal from the garnishment order was pending with this Court. Baker did not post a supersedeas bond. This Court granted the motion to stay the trial court's orders, conditioned upon Baker's posting a supersedeas bond or paying the judgment amount to the Circuit Court of Jefferson County.
Baker then attempted to order Merrill Lynch to transfer $750,000 from the account of Leon Baker, P.C., to the circuit court, stating, "For this purpose you should use, as part of the $750,000, the $724,353.33, you previously transferred to the account of the attorneys for [the Bennetts]." The Bennetts objected to this transfer. Merrill Lynch filed a motion to interplead the $750,000, seeking to use as part of that money the $724,353.33. The trial court denied the motion to interplead and would not permit Merrill Lynch to deposit the $750,000. Additionally, the trial court found that Baker had not complied with the order of this Court and further noted that Merrill Lynch was not liable to Leon Baker or Leon Baker, P.C., as a result of its complying with the order not to deposit the $750,000 from the account of Leon Baker, P.C. Thus, Baker failed to post a supersedeas bond as ordered by this Court.
On November 22, 1994, Baker filed a motion to extend this Court's conditional stay. However, Baker's "motion to extend the stay" is really a second motion to stay, because our original stay was conditioned upon Baker's posting a supersedeas bond or depositing the judgment amount with the circuit court.
The Bennetts have also filed a garnishment proceeding in Florida; that is where Baker now resides. The Florida proceeding has been stayed pending the decision of this Court. In the Florida courts, Baker argues that the funds are either held in tenancies by the entireties or belong to his professional corporation and are not attachable under Florida law. Of course, the Bennetts cannot recover twice. If the Bennetts are successful in Alabama, then the Florida proceeding will be moot.
A supersedeas bond posted on appeal stays execution of the judgment. The purpose of requiring a supersedeas bond is to preserve the status quo pending the appeal. Ex parte SpriggsEnterprises, Inc., 376 So.2d 1088 (Ala. 1979). When one appeals without posting a supersedeas bond, the appellee's right to enforce the judgment is not suspended during the appeal, and, whatever measures are necessary for the execution of the judgment, it is the duty of the trial court to pursue them on application of the party in interest. Ex parte Dekle, 278 Ala. 307, 178 So.2d 85 (1965).
Stated differently, the purpose of a supersedeas bond is to secure the appellee from loss resulting from the stay of execution. The stay granted upon the posting of a supersedeas bond acts in favor of the appellant and deprives the appellee of the immediate benefits of his judgment.
Baker argues that the motion to stay should be granted without his having to post a supersedeas bond, because he says he believes he will prevail on the merits of the appeal. He objects to posting a supersedeas bond on appeal as provided in Rule 8, A.R.App.P., contending that by doing so he will waive his right to argue that the trial court lacked personal jurisdiction to enter a judgment against him in the equity proceeding. Additionally, Baker argues that he has attempted to comply with the Court's order by asking Merrill Lynch to use the money ordered into the account of the Bennetts' attorneys to suffice for the supersedeas bond money on appeal.
The Bennetts argue that Baker failed to comply with Rule 8, A.R.App.P., and Rule 62, A.R.Civ.P., when he did not post a supersedeas bond and, therefore, they argue, no stay should be granted. The Bennetts fear that if the trial court's judgment is reversed by this Court on appeal and no supersedeas bond has been posted, then the funds in the account *Page 983 
would be released to Baker without reservation and Baker would move the funds into accounts that are not personal and are not subject to attachment.
As to Baker's argument that he has attempted to comply with this Court's order, the Bennetts contend that Baker did not make a good faith effort to deposit the funds with the trial court while the case is on appeal. First, the Bennetts argue that Baker cannot assert any right to direct the disposition of the funds now held in an account by the Bennetts' attorneys because the funds are no longer in Baker's name. Second, the Bennetts argue that the account from which Baker seeks to direct a transfer of funds is a personal account that is also subject to garnishment proceedings in other states.
We first consider whether Baker would waive his right to argue lack of jurisdiction if he files a supersedeas bond.
Rule 8(c) provides that "[i]f security is given in the form of a bond or other undertaking with one or more sureties, each principal and each surety, jointly and severally, submit themselves to the jurisdiction of the trial court. . . ."
The thrust of Baker's argument is that if he posts the supersedeas bond, then he waives his argument that the trial court in the equity proceeding lacked jurisdiction over him. However, we find that the purpose behind a principal or a surety's submitting to jurisdiction on a supersedeas bond pursuant to Rule 8, A.R.App.P., addresses the appellate court's concern that after the appeal has been dismissed or the judgment has been affirmed, the principal or surety would then try to argue that the appellate court lacked jurisdiction for the purposes of satisfying the judgment from the bond. Submitting to jurisdiction when posting a supersedeas bond would not waive an argument on the merits of an appeal concerning personal or in rem jurisdiction.
We next consider whether Baker attempted in good faith to comply with this Court's order when he told Merrill Lynch to use the funds already in the account of the Bennetts' attorneys for the supersedeas bond. We agree with the Bennetts that Baker had no control over the funds in the account of the Bennetts' attorneys when he ordered that they be used for the supersedeas bond. The trial court ordered that those funds be placed in an account for the Bennetts' attorneys because Baker had failed to comply with that court's order. Thus, the funds were no longer under Baker's control. Whether the trial court could make such an order will be considered in regard to the merits of the appeal and need not be discussed in regard to the motion we are now considering.
The Bennetts fear that if Baker posts no bond and is successful on appeal, he may place the funds in an account that is not subject to attachment. It is clear to this Court, based on Baker's past behavior, that the Bennetts' concern is valid, because they have a lawful Alabama judgment against Baker and Baker is attempting to avoid paying it.
Baker must post a supersedeas bond, pursuant to Rule 8, A.R.App.P., in order to receive a stay of the proceedings.
MOTION DENIED.
ALMON, HOUSTON, INGRAM and COOK, JJ., concur.
MADDOX, J., dissents.