749 So.2d 466 (1999)
ESTATE OF Aseline Moses MOLLETT, deceased
v.
M & B BUILDERS, L.L.C.
M & B Builders, L.L.C.
v.
Estate of Aseline Moses Mollett, deceased.
2971394.
Court of Civil Appeals of Alabama.
May 14, 1999.
Rehearing Denied July 23, 1999.
F. Luke Coley, Jr., Mobile, for appellant/cross appellee Estate of Aseline Moses Mollett, deceased.
Thomas G.F. Landry of Silver, Voit & Thompson, P.C., Mobile, for appellee/cross appellant M & B Builders, L.L.C.
YATES, Judge.
This appeal and cross-appeal are from the judgment of the trial court determining the amount required to be paid by the estate of Aseline Moses Mollett to redeem certain real property located in Mobile. The dispositive issue is whether the appeal is made moot by the fact that there was no supersedeas bond or motion to stay filed.
Mollett owned a house in Mobile. It was subject to a mortgage. After her death, but before her daughter was appointed as administratrix of her estate, the mortgage payments became past due. The mortgagor foreclosed, and M & B Builders, L.L.C., purchased the property for $20,000 on March 9, 1998. After purchasing the property, M & B began to make permanent improvements on the property.
On March 26, 1998, counsel for Mollett's heirs wrote M & B, notifying it that they intended to redeem the property and requesting a statement outlining the debt and all lawful charges claimed by M & B against the property. M & B received the letter on March 30, 1998. On April 7, 1998, M & B responded by stating that the redemption price of the house was $65,000, which included $20,000 for the price paid, a $170 insurance premium, $6.57 per diem *467 interest rate on the purchase price, and "the value of improvements." M & B did not itemize the permanent improvements or the value of those improvements, as is required by § 6-5-252 through -254, Ala. Code 1975.
On May 7, 1998, Mollett's daughter was named administratrix of the Mollett estate. The estate and M & B could not agree on a purchase price; therefore, the estate sued M & B on May 15, 1998. On June 9, 1998, M & B received the summons and complaint. By the time M & B received the complaint, it had entered a conditional contract to sell the house for $77,250. According to M & B, the improvements were 90% completed when it received the summons and complaint.
Following ore tenus proceedings, the trial court found that M & B's response on April 7, 1998, was not a written, itemized statement of all lawful charges M & B had claimed against the property, as prescribed in § 6-5-252. As a result of M & B's not providing a written itemized statement, the Mollett estate was excused from having to tender payment before filing its complaint. Under § 6-5-256, the trial court considered the equities between the parties and concluded that the redemption price was $45,360.53, which included the $20,000 foreclosure price; a value of $25,000 for permanent improvements made to the property by M & B; a $170 insurance premium paid by M & B; and $190.53 in interest on the foreclosure price from March 9, 1998, through April 7, 1998. The trial court ordered that the estate had 20 days from August 27, 1998, the date of its order, to redeem the property from M & B.
On September 15, 1998, the estate appealed, arguing that the trial court had erred in allowing M & B a value of $25,000 for permanent improvements to the house. The estate did not file a supersedeas bond. On October 2, 1998, M & B cross-appealed, arguing that the appeal was moot because of the estate's failure to file a supersedeas bond or to be granted a stay. M & B argued in the alternative that the value of the improvements was $57,250 rather than $25,000. On February 9, 1999, the estate moved the trial court to "reinstate" its August 27, 1998, orderi.e., to allow another 20 days to redeemand to set a supersedeas bond on the new order. The record contains no order of the trial court purporting to rule on this motion.
Under Rule 62, Ala. R. Civ. P., and Rule 8(c), Ala. R. Civ. P., a supersedeas bond must be posted to stay the execution of a judgment in this kind of case. The purpose of a supersedeas bond is to maintain the status quo of the parties, pending the appeal. Ex parte Lumbermen's Underwriting Alliance, 662 So.2d 1133 (Ala. 1995). The supersedeas bond ensures that the party who has obtained a judgment will not be prejudiced by a stay of execution of the judgment pending the final determination of an appeal. Id.
The estate cites two cases for the proposition that the "lack of a supersedeas bond does not effect the pendency of an appeal." In Ex parte Forbus, 510 So.2d 242 (Ala. 1987), the appellant filed, along with her notice of appeal from the district court to the circuit court, an affidavit of substantial hardship stating that she was financially unable to post bond. Our supreme court held that, pursuant to Rule 62(dc)(5), Ala. R. Civ. P.,[1] this effectively stayed execution of the district court's judgment pending the appellant's de novo appeal to the circuit court in an unlawful detainer action.
The second case cited by the estate is Ex parte Alfab, Inc., 586 So.2d 889 (Ala. 1991). In Alfab, a judgment was entered against the defendant, who filed an appeal *468 without moving for a stay or posting a supersedeas bond. The plaintiff asked the court to execute on the underlying judgment, which the trial court did. A levy was issued on certain funds of the defendant, and those funds were delivered to the circuit clerk. The defendant moved for a stay before the clerk had disbursed the funds. The trial court granted the motion to stay, conditioned upon the posting of a bond; the defendant posted bond. The supreme court held that the trial court had the authority to stay the disbursement of the funds and to maintain the status quo of the parties by requiring the circuit clerk to keep the funds in an interest-bearing account pending appeal.
Neither Forbus nor Alfab applies to the facts in this case. In Forbus, the plaintiff had filed an affidavit of substantial hardship in lieu of a bond, along with her notice of appeal; this effectively stayed enforcement of the underlying judgment. No hardship affidavit has been filed in this present case, and Rule 62(dc)(5), allowing a hardship affidavit in an unlawful detainer action in the district court, has been repealed by an act of the legislature. In Alfab, the trial court had the authority to stop the disbursement of funds on the date that the bond was posted, but did not have the authority to return the parties to the status they occupied before the posting of the bond. Here, no bond has been posted.
In Watts v. Rudulph Real Estate, Inc., 740 So.2d 1085 (Ala.Civ.App.1998), a redemption case, the appealing party failed to file a supersedeas bond in the original case. While the first appeal was pending, the trial court's judgment was enforced. Subsequently, the judgment was reversed and the case remanded by the supreme court. On appeal from the remand, we held that the appealing party could not complain about the trial court's enforcing its original judgment during the first appeal, when the appellant had failed to file a supersedeas bond.
In Ex parte Dekle, 278 Ala. 307, 178 So.2d 85 (1965), a homeowner sued his neighbor, claiming that a wall along the property line built by the neighbor had caused water to back up and to flood his home. The trial court ordered that the wall be removed. The neighbor appealed, without posting a bond. While the appeal was pending, the homeowner moved the trial court to enforce its order, because his home had again flooded. The neighbor sought a writ of prohibition from the supreme court to prevent the trial court from enforcing its order.
The neighbor argued that the homeowner could not ask the trial court to enforce its order, because of the pending appeal. The supreme court noted that the neighbor would have been correct in its position if he had filed a supersedeas bond. The supreme court, applying the predecessor to Rule 8, Ala. R.App. P., held that the homeowner was within his rights to enforce his judgment:
"When such an appeal is taken without giving a supersedeas bond, the right of the appellee to enforce the judgment is not suspended during the appeal, and whatever measures are necessary for the execution of the judgment, it is the duty of the court to pursue on application of the party in interest, as if the appeal had not been taken."
278 Ala. at 309, 178 So.2d at 86.
In Masonry Arts, Inc. v. Mobile County Commission, 628 So.2d 334 (Ala.1993), the unsuccessful bidder for a public contract appealed from the trial court's denial of an injunction to prevent the award of the contract to another. However, the unsuccessful bidder failed to obtain a stay. Therefore, the trial court's injunction was not stayed and the other bidder began performance on the contract. The appeal was moot because of the unsuccessful bidder's failure to stay execution of the trial court's order pending appeal.
In this case, the trial court limited the right of redemption to 20 days. Although the estate filed the appeal within 20 days, the judgment was not stayed, *469 because no supersedeas bond was filed. Therefore, the estate lost its right to redeem the property, because under the trial court's judgment the period for redemption was limited to 20 days. When the 20 days elapsed, without the judgment having been stayed, the right of redemption was lost, making these appeals moot. "[A]n appeal will be dismissed as moot `if an event happening after hearing and decree in circuit court, but before appeal is taken, or pending appeal, makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief.'" Masonry Arts, 628 So.2d at 335, quoting Morrison v. Mullins, 275 Ala. 258, 259, 154 So.2d 16, 18 (1963). Accordingly, we dismiss the appeals as moot.
APPEALS DISMISSED.
MONROE and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
While I agree that a supersedeas bond must be posted to stay execution of a judgment, I do not agree that the failure to post a supersedeas bond in this case makes this appeal moot. Our Supreme Court has written in another case:
"The sole relief sought by Masonry Arts was an injunction against the County and Harmon to prevent the execution of the contract. After the trial court held that the County had not violated the competitive bid law in awarding the contract to Harmon and denied the request for a permanent injunction against the execution of the contract, the County and Harmon executed the contract and Harmon began work. The trial court's order was not superseded by the appeal, because Masonry Arts did not seek a stay of the trial court's judgment pending appeal. See Rule 8, Ala. R.App. P.
"The action is moot because the trial court is no longer capable of granting the injunction requested by Masonry Arts. See Morrison v. Mullins 275 Ala. 258, 259, 154 So.2d 16, 18 (1963) (an appeal will be dismissed as moot `if an event happening after hearing and decree in circuit court, but before appeal is taken, or pending appeal, makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief)...."
Masonry Arts, Inc. v. Mobile County Commission, 628 So.2d 334, 335 (Ala.1993) (citations omitted) (emphasis added).
Unlike the situation in Masonry Arts, in this case if the trial court's judgment is reversed because it erroneously calculated the value of permanent improvements, it can, pursuant to the appellate court's decision, properly calculate that value and grant the requested redemption. Even if M & B sold the property, the estate could redeem from M & B's grantee. Hobson v. Robertson 224 Ala. 49, 138 So. 548 (1931). Because the estate has a right to redeem, M & B fails to show how it could be damaged by the appeal and thus need the protection of a supersedeas bond.
The trial court found that M & B's response "was not a written, itemized statement of all lawful charges M & B claimed against the property as prescribed in Ala.Code 1975, § 6-5-252." I agree with the estate that M & B forfeited the right to compensation for improvements because it did not comply with § 6-5-252, which states in part:
"If the purchaser or his or her transferee fails to furnish a written, itemized statement of all lawful charges within 10 days after demand, he or she shall forfeit all claims or right to compensation for improvements...."
NOTES
[1] Act No. 96-573, Ala. Acts 1996, effected a limited legislative repeal of Rule 62(dc)(5), in that it restored the ability of an unlawful detainer plaintiff to execute on a favorable district court judgment if the appealing defendant does not provide adequate security to supersede the judgment. See Adams v. Birmingham Towers, Ltd., 709 So.2d 1286 (Ala. Civ.App.1998).