973 So.2d 1066 (2007)
Carol R. SKELTON, The Springhill Apartments, LLC, and Doris Jenkins Hall
v.
J & G, LLC.
2050502.
Court of Civil Appeals of Alabama.
August 11, 2006.
Certiorari Denied May 11, 2007.
Robert W. Pollard of Pollard Law Firm, LLC, Tuscaloosa, for appellants.
Isaac P. Espy and W.A. Hopton-Jones, Jr., of Espy, Nettles, Scogin & Brantley, P.C., Tuscaloosa, for appellee.
Alabama Supreme Court 1051695.
THOMPSON, Judge.
This is the second time this case has come before this court on appeal. Carol R. Skelton and The Springhill Apartments, LLC ("Springhill") (collectively "the plaintiffs"), filed a complaint in the trial court *1067 seeking to redeem property known, as Springhill Apartments ("the property") from J & G, LLC ("J & G"). Thereafter, Doris Jenkins Hall filed a motion in which she sought to be substituted as the plaintiff or, in the alternative, to be added as an additional plaintiff in the action. In her motion, Hall alleged that the plaintiffs had assigned their redemption rights to her. The trial court entered an order adding Hall as a plaintiff. (Hall is hereinafter included in our designation of "the plaintiffs.")
Following ore tenus proceedings, the trial court entered a judgment in favor of J & G. In its judgment, the trial court found that the plaintiffs had lost their right to redeem the property. The plaintiffs appealed. On appeal, this court concluded that the plaintiffs had not forfeited their right of redemption. This court reversed the judgment and remanded the case for the trial court to address the remaining issues in the case. See Skelton v. J & G, LLC, 922 So.2d 926 (Ala.Civ.App.2005).
Following ore tenus proceedings on remand, the trial court entered a new judgment on February 6, 2006, determining that the redemption price as of January 31, 2006, was $1,035,437.30; the trial court also determined that additional daily interest would be calculated at a rate of 12%. per annum until the property was actually redeemed. The trial court ordered that "[r]edemption shall be accomplished on or before twelve o'clock on March 8, 2006," and that
"should the plaintiffs] . . . not actually pay the redemption price as set out above, on or prior to noon on March 8, 2006, then the . . . plaintiff[s] shall forfeit all right and interest in the real property made the subject of this lawsuit and shall forfeit all right of redemption therein."
The plaintiffs appealed to the supreme court on March 7, 2006; that court transferred this appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
At the time of the filing of the notice of appeal, the plaintiffs did not file a supersedeas bond or a motion to stay the trial court's judgment. On March 21, 2006, J & G filed in this court a motion to dismiss this appeal, arguing that the appeal was moot because the judgment had not been stayed and the plaintiffs had not exercised their right to redeem the property within the time period specified in the trial court's judgment. On April 11, 2006, this court entered an order stating that it would consider that issue when the case was submitted for a decision.
The dispositive issue is whether the appeal is made moot by the fact that there was no supersedeas bond or motion to stay filed in the trial court. Based on this court's reasoning in Estate of Mollett v. M & B Builders, L.L.C., 749 So.2d 466 (Ala. Civ.App.1999), we agree with J & G that this appeal is due to be dismissed as being moot.
In Estate of Mollett, supra, Mollett had owned a house that was subject to a mortgage. After Mollett's death, the mortgage payments became past due. The mortgagee foreclosed, and M & B Builders, L.L.C. ("M & B"), purchased the property. Later, Mollett's estate sought to redeem the property from M & B. Following ore tenus proceedings, the trial court entered a judgment determining that the redemption price was $45,360.53, which included, among other items, $25,000 for permanent improvements made to the property by M & B. The trial court ordered that the estate had 20 days from the date of the entry of the judgment to redeem the property from M & B. 749 So.2d at 467. The estate appealed. M & B cross-appealed, arguing, among other things, that the appeal was moot because of the estate's failure *1068 to file a supersedeas bond or to be granted a stay. Id.
This court agreed with M & B that the appeal was moot and accordingly dismissed the appeal and the cross-appeal. Estate of Mollett, supra. In so doing, this court stated:
"Under Rule 62, Ala. R. Civ. P., and Rule 8(c), Ala. R. [App.] P., a supersedeas bond must be posted to stay the execution of a judgment in this kind of case. The purpose of a supersedeas bond is to maintain the status quo of the parties, pending the appeal. Ex parte Lumbermen's Underwriting Alliance, 662 So.2d 1133 (Ala.1995). The supersedeas bond ensures that the party who has obtained a judgment will not be prejudiced by a stay of execution of the judgment pending the final determination of an appeal. Id.

". . . .
"In this case, the trial court limited the right of redemption to 20 days. Although the estate filed the appeal within 20 days, the judgment was not stayed, because no supersedeas bond was filed. Therefore, the estate lost its right to redeem the property, because under the trial court's judgment the period for redemption was limited to 20 days. When the 20 days elapsed, without the judgment having been stayed, the right of redemption was lost, making these appeals moot. `[A]n appeal will be dismissed as moot "if an event happening after hearing and decree in circuit court, but before appeal is taken, or pending appeal, makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief."' Masonry Arts[, Inc. v. Mobile County Commission,] 628 So.2d [334,] 335 [ (Ala.1993) ], quoting Morrison v. Mullins, 275 Ala. 258, 259, 154 So.2d 16, 18 (1963)."
Estate of Mollett, 749 So.2d at 467-69.
Similarly, in this case, the trial court limited the right of redemption to 30 days from the date of the entry of its judgment, i.e., noon on March 8, 2006. Although the plaintiffs filed the appeal on March 7, 2006, the judgment was not stayed. Therefore, when the time period for redemption elapsed, without the judgment having been stayed, the plaintiffs lost their right of redemption, thereby making this appeal moot. Masonry Arts, Inc. v. Mobile County Commission, supra; and Estate of Mollett v. M & B Builders, supra. Accordingly, we dismiss the appeal as being moot.
APPEAL DISMISSED.
CRAWLEY, P.J., and PITTMAN and BRYAN, concur.
MURDOCK, J., concurs in the result, with writing.
MURDOCK, Judge, concurring in the result.
Because the plaintiffs in this case filed neither a motion for a stay nor a supersedeas bond, I concur in the result reached by the main opinion.