MOORE, Judge.
Cornelius Henderson appeals from a judgment entered by the Elmore Circuit Court ("the circuit court") providing that, upon the payment of $3,781.63, Henry J. Seamon could redeem, through the statutory-redemption process, certain property that Henderson had purchased at a tax sale ("the property").
Procedural History
On May 20, 2013, Henderson purchased the property at a tax sale. On May 18, 2016, Seamon filed a petition in the circuit court, seeking a judgment declaring the proper official to oversee the statutory-redemption process and a stay of the delivery of the tax deed to the property to Henderson. Seamon included as a defendant Thomas Macon, in his official capacity as the revenue commissioner of Elmore County. Seamon alleged that, beginning on May 16, 2016, he had attempted to redeem the property and that a dispute had arisen as to the amount that he had to pay to Henderson to accomplish the redemption. Seamon alleged that he had attempted to commence an action in the Elmore Probate Court ("the probate court") but that the probate court had informed him that the revenue commissioner had jurisdiction over the statutory-redemption process in Elmore County, pursuant to Ala. Code 1975, § 45-26-241 (Local Laws, Elmore County). Seamon further alleged that, subsequently, the Elmore County revenue commissioner had also refused to accept the filing to commence the action. Seamon *1205 requested that the circuit court stay the issuance of the tax deed until it could be determined which official had jurisdiction over the redemption process. Seamon filed an affidavit in support of his petition, and, on May 19, 2016, he requested to interplead the funds that he alleged were required to redeem the property. The motion to interplead funds was granted on May 23, 2016.
On August 5, 2016, Henderson filed a motion to dismiss the petition, alleging that, on May 27, 2016, the Elmore County revenue commissioner had issued to Henderson a tax deed to the property. Therefore, according to Henderson, the issues raised by Seamon in the circuit-court action were moot. The circuit court denied that motion on September 8, 2016. On March 28, 2017, Henderson filed a second motion to dismiss the circuit-court action based upon the same ground as asserted in his first motion. The circuit court did not rule on that second motion.
On April 19, 2017, a hearing was held at which the attorneys argued their clients' respective positions; that same day, the circuit court entered the following judgment:
"Case called this date for trial on the issue of the redemption of tax sale property due to the Elmore County Revenue Commissioner not holding a hearing under Title 40 and assigned to the [R]evenue Commissioner under [§] 45-26-241, Code of Alabama, 1975. Parties appearing with counsel of record. Revenue Commissioner not appearing. Stipulation heard as to the dates of the request for amount to redeem the subject property and amounts for items expended with dates received. Upon hearing the stipulation and review of the amounts and dates, it is ORDERED as follows:
"1. That ... Seamon can redeem for the joint interest of the owners.
"2. That ... Henderson is not entitled to charge for uncollected rents, lawn service paid for after the date of the redemption request and repairs/improvements made, not directed by the City of Wetumpka Fire Department.
"3. That [Seamon] shall pay into Court a total of $3,781.63, consisting of these amounts, $2,191.71, 2016 tax, two amounts for keys, plumbing expense, permit fee and electric repair. [Seamon] is to receive the credit for the funds already paid into Court.
"4. That upon the payment of these fees, the property is to be redeemed under the Title 40 procedure."
On April 27, 2017, Seamon filed a motion requesting that the circuit court amend the judgment to disburse the funds as follows:
"1. Disburse $2,191.71 to the Revenue Commissioner, Thomas Lee Macon, to pay tax.
"2. Disburse $1,589.92 to ... Henderson."
On May 1, 2017, the circuit court amended the judgment as requested by Seamon.
On May 16, 2017, Henderson filed a postjudgment motion requesting that the circuit court vacate or amend its judgment; that motion was denied on June 19, 2017. On July 14, 2017, Henderson filed a notice of appeal.
Discussion
Our supreme court has held that a circuit court may review, by way of a petition for a writ of mandamus, the issuance of, or the refusal to issue, a certificate of redemption. Ross v. Rosen-Rager, 67 So.3d 29, 38 (Ala. 2010). We construe the petition filed by Seamon in the circuit court as seeking a writ of mandamus to direct the appropriate county official to process his redemption claim and to prevent the issuance of a tax deed to Henderson until the redemption claim *1206 could be decided. See, e.g., Surginer v. Roberts, 231 So.3d 1117, 1125 (Ala. Civ. App. 2017). Under Ala. Code 1975, § 12-22-6, "[a]ppeals may be taken to the appropriate appellate court from the judgment of the circuit court on application for writs of ... mandamus ... as provided by the Alabama Rules of Appellate Procedure." In this case, Henderson appeals from a judgment of the circuit court entered on Seamon's petition for a writ of mandamus; however, we must dismiss the appeal because it is taken from a void judgment.
Seamon primarily petitioned the circuit court to decide which county official should decide the redemption issue and to order that county official body to conduct the appropriate redemption proceedings. Instead, the circuit court circumvented that question entirely by taking it upon itself to decide that Seamon had a right to redemption and issuing an order establishing the redemption terms. However, the circuit court could not utilize its mandamus jurisdiction to make those determinations.
Ordinarily, pursuant to § 40-10-122, Ala. Code 1975, "the probate court has, to the exclusion of all other courts, exclusive jurisdiction over the statutory redemption process." Ex parte Foundation Bank, 146 So.3d 1, 6 (Ala. 2013). For statutory-redemption proceedings in Elmore County, however, Ala. Code 1975, § 45-26-241(b) (Local Laws, Elmore County), provides:
"The procedure for selling and redeeming lands for taxes in such county shall be the same as provided in Title 40, except that all such duties as are required of and are performed by the judge of probate shall be transferred to and be performed by the tax collector of the county, and the judge of probate shall be relieved of all such duties."
In addition, pursuant to Ala. Code 1975, § 45-26-242 (Local Laws, Elmore County), on October 1, 1991, the office of the tax collector in Elmore County was abolished, see § 45-26-242(a), and the revenue commissioner in Elmore County has since been charged with
"perform[ing] all acts, duties, and functions required by law to be performed either by the tax assessor or by the tax collector of the county relative to the assessment of property for taxation, the collection of taxes, the keeping of records, and the making of reports concerning assessment for and the collection of taxes."
§ 45-26-242(b). Considering the aforementioned statutes, in Elmore County the revenue commissioner has exclusive jurisdiction over the statutory-redemption process. Thus, to the extent that the circuit court determined that Seamon had a right to redeem the property by paying to Henderson $3,781.63, the circuit court acted beyond its jurisdiction and its judgment is therefore void. See Wall to Wall Props. v. Cadence Bank, NA, 163 So.3d 384, 389 (Ala. Civ. App. 2014) ("The factual matters surrounding [whether Wall to Wall Properties had a right to or had forfeited its right to compensation] could not be decided in the circuit court, which has no jurisdiction over the statutory-redemption process."). The circuit court did, however, have limited jurisdiction to rule on Seamon's mandamus petition, and, as the foregoing analysis shows, it should have exercised that jurisdiction solely to order the Elmore County revenue commissioner to act on Seamon's redemption claim.
We reject any contention that the alleged issuance of the tax deed by the Elmore County revenue commissioner has mooted the controversy. The right to statutorily redeem property sold for taxes expires three years after the date of the sale, *1207 which, in this case, was May 20, 2013. Ala. Code 1975, § 40-10-120. In Skelton v. J & G, LLC, 973 So.2d 1066, 1068 (Ala. Civ. App. 2006), this court held that "when the time period for redemption elapsed, without the judgment having been stayed, the plaintiffs lost their right of redemption, thereby making th[e] appeal moot." In Skelton, the plaintiff failed to file a supersedeas bond or a motion to stay. In this case, however, after the revenue commissioner refused to issue the certificate of redemption, but before the expiration of the redemption period, Seamon filed his petition for a writ of mandamus in the circuit court and requested to interplead the funds that he alleged were required to redeem the property. Therefore, Seamon took all the actions that were available to him to maintain his right of redemption, and, thus, his claim has not been extinguished even if a tax deed has, in fact, been issued. See, e.g., Roach v. State, 148 Ala. 419, 427, 39 So. 685, 688 (1905) (holding that, when a proposed redemptioner timely "made the application to redeem and paid the necessary amount required to perfect the redemption ..., yet the judge of probate delayed the issuance of the certificate of redemption for a short period and did not issue it until after the expiration of [the statutory-redemption period]," the proposed redemptioner's right to redeem would not be extinguished).
Conclusion
Based on the foregoing, we conclude that the circuit court's judgment in this case, resolving the factual issues in order to determine that Seamon had the right to statutorily redeem the property upon the payment of $3,781.63, is void for lack of jurisdiction. We therefore dismiss this appeal, albeit with instructions to the circuit court to vacate its judgment and to enter a new judgment granting the petition for a writ of mandamus filed by Seamon and ordering the Elmore County revenue commissioner to vacate any tax deed that has been issued to Henderson and to conduct appropriate redemption proceedings. Maclin v. Congo, 106 So.3d 405, 408 (Ala. Civ. App. 2012) (dismissing an appeal from a void judgment with instructions to the trial court to vacate the void judgment).
APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman and Thomas, JJ., concur.
Donaldson, J., concurs in the result, without writing.