This is a petition for a writ of mandamus to compel the respondent trial judge to set aside an order permitting two of three codefendants to stay execution of a $1.25 million judgment entered against them by posting a supersedeas bond totaling only 62.5% of the total judgment. The writ is granted.
Plaintiff-petitioner was awarded $1.25 million in damages in its lawsuit against three corporate defendants. Defendants Lake Forest, Inc. and Diamondhead Corporation were permitted by the trial judge to supersede the judgment pending appeal by posting a bond in the amount of 62.5% of the judgment. The other defendant, Gulf Oil Corporation, filed a separate appeal and posted a supersedeas bond in an amount equal to 125% of the judgment.
The issue for our determination is whether the amount of the bond required to stay execution of a judgment solely for the payment of money rests within the trial court's discretion in view of ARAP 8. We hold that it does not.
Rule 8 of our Rules of Appellate Procedure provides in part:
 (a) Stay by Supersedeas Bond. The appellant shall not be entitled to a stay of execution of the judgment pending appeal (except as provided in ARCP Rule *Page 1089 
62 (e)) unless he executes bond with good and sufficient sureties, approved by the clerk of the trial court, payable to appellee (or to the clerk or register if the trial court so directs), with condition, failing the appeal, to satisfy such judgment as the appellate court may render, when the judgment is:
 (1) For the payment of money only, in an amount equal to 150% of the amount of the judgment if the judgment does not exceed $10,000.00, or 125% if the judgment exceeds $10,000.00;
The plain meaning of Rule 8 (a)(1) is that one who appeals a judgment against him for money damages only must execute a supersedeas bond in an amount equal to 125% of the amount of the judgment when the judgment exceeds $10,000.00. The language utilized in the rule is mandatory; the trial judge is given no discretion in setting the amount of the supersedeas bond.
Defendants Lake Forest and Diamondhead argue in brief that because two or more appellants proceeding jointly may be treated as a single appellant under ARAP 3 (b), some discretion is accorded the trial judge in determining whether all appellants must file separate supersedeas bonds. We do not agree that Rule 3 (b) gives the trial court any discretion whatsoever to alter the substantive effect and clear mandate of Rule 8 (a)(1). Rule 8 (a)(1) is clearly addressed to eachseparate appellant. Although it might be permissible for all three parties, had they jointly appealed, to file a single supersedeas bond, we are not faced with that issue in this case, for it is clear that defendant Gulf Oil will not pursue a joint appeal with the other defendants. The purpose of requiring a supersedeas bond is to keep the parties in statusquo pending the appeal. Osborn v. Riley, Ala., 331 So.2d 268
(1976). In order to effectuate that purpose in this case, it is necessary to require each appellant or group of joint appellants to file a supersedeas bond in an amount equal to 125% of the judgment.
For the above reasons, we grant plaintiff's petition for mandamus. The trial court is hereby ordered to require defendants Lake Forest and Diamondhead either to file separate bonds in the full amount of 125% of the judgment rendered, or, if they are appealing jointly, to file a joint bond in the same amount.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.