Flint Construction Company, a defendant in an action pending in the Pickens Circuit Court, petitions for a writ of mandamus directing the circuit court to grant its motion to dismiss for lack of subject-matter jurisdiction. We deny the petition.
Robert Lee Hall, Jr., is a resident of Pickens County. In 1980, Hall was hired by Flint Construction Company; the contract of employment was entered in Reform, Alabama. Flint is a Georgia Corporation and has only one business office, which is located in Lawrenceville, Georgia. Hall worked for Flint from 1980 to 1986 on a part-time basis and was promoted in 1986 to the position of full-time foreman. During his employment with Flint, Hall worked in various southeastern states, including Alabama, and he worked for Flint until 1997, when his employment was terminated.
Hall suffered two on-the-job injuries while working for Flint in 1990; both injuries occurred in Georgia. Following these injuries, Hall made workers' compensation claims relating to them, and Flint and Hall sought to settle those claims in the Pickens County Circuit Court. They entered into two settlement agreements (dated December 14, 1993, and May 10, 1996, respectively) whereby they agreed that "they [were] subject to the provisions of the Workmen's Compensation Statute of Alabama, as amended."
In April 1997, Hall was injured in an on-the-job accident in Bastrop, Louisiana. In June 1997, Flint terminated Hall's employment. In April 1999, Hall sued Flint in the Pickens County Circuit Court for workers' compensation benefits and for damages for retaliatory discharge, intentional infliction of emotional distress (the tort of outrage), and fraud.
In response to Hall's complaint, Flint moved to dismiss for lack of subject-matter jurisdiction. Hall opposed Flint's motion by arguing that he is a resident of Alabama, that he was working pursuant to a contract of hire entered into in Alabama, and that his employment was not localized in any state, and that he therefore met the threshold requirements for bringing his claims in Alabama, pursuant to § 25-5-35, Ala. Code 1975. Hall also pointed out that Flint had previously agreed that Alabama had jurisdiction over similar workers' compensation claims brought by Hall while he was employed by Flint.
Flint contended that the previous settlement agreements it had entered into with Hall were not relevant to this dispute. It also asserted that Hall's employment had changed in 1986, and, therefore, that when Hall accepted the full-time position with Flint — a position Flint says he accepted while he was at Flint's office in Georgia — his employment then became "pursuant to a contract for hire in Georgia." See § *Page 807 25-5-35(d)(2), Ala. Code 1975.[1] Flint also argued that Hall's employment had been "principally localized" in Georgia. See Id.
The trial court held that it had subject-matter jurisdiction over Hall's claims. In its order denying Flint's motion to dismiss, the court wrote:
 "1. The worker's compensation aspect of the Plaintiff's Complaint is based upon [§ 25-5-35(d)(2), Ala. Code 1975]. The Plaintiff contends that he was injured in Louisiana working under a contract of hire with the Defendant which was made in Alabama in employment not principally localized in any state. It is undisputed that the Plaintiff was initially hired by the Defendant in Reform, Alabama in 1980. Robert Hall worked continuously for Flint Construction from 1980 until he was terminated in 1997. The Defendant contends, however, that in 1985 the Plaintiff's job status was converted from a temporary employee to a permanent employee. The Defendant contends that the temporary status was terminated and the permanent status was accepted in the State of Georgia. The Defendant contends that therefore the contract of hire under which the Plaintiff was working at the time of the accident was made in Georgia and contends that after 1985 the Plaintiff's work was substantially localized in the State of Georgia. No documents evidencing a termination and rehiring have been presented. The Plaintiff, in his Affidavit, disputes these assertions.
 "2. In 1993, the Plaintiff and the Defendant filed a `Compromise Settlement Petition' in this Court in the case of Robert Lee Hall, Plaintiff v. Flint Construction, Defendant, Civil Action No. CV-93-089 and represented to the Court `that they are subject to the provisions of the Worker's Compensation Statute of Alabama, as amended.' The matter involved an on-the-job injury sustained by the Plaintiff in Georgia and a compromise settlement of $8,880.00 which was approved by an Order entered by the Circuit Court of Pickens County, Alabama on December 14, 1993. Thereafter, in 1996 the Plaintiff and the Defendant filed another `Compromise Settlement Petition' in this Court in Civil Action No. CV-96-048. They again alleged that they were subject to the provisions of the Worker's Compensation Statute of Alabama, as amended. They again sought approval of a compromise settlement of an on-the-job injury suffered by the Plaintiff in Georgia in his employment with Flint Construction Company. The Circuit Court of Pickens County Alabama, again approved the compromise settlement and entered a Decree on May 10, 1996.
 "3. The only basis for this Court's jurisdiction in the 1993 settlement or the 1996 settlement is § 25-5-35(d)(2). By filing the Compromise Settlement Petition[s] with this Court in 1993 and 1996 the Plaintiff and the Defendant were both representing to the Court that the Plaintiff was working under a contract of hire made in this state in employment not principally localized in any state because that is the only basis to bring the Plaintiff's employment under the worker's compensation laws of the State of Alabama.
 "4. Mr. Robert Goode of Flint Construction testified that there was no change in the employment status of the Plaintiff after 1986, i.e. it was the same at the time of termination [in 1997] as it was in 1993 and in 1996 when the two petitions were filed with this Court. Not only do the two petitions factually *Page 808 
support the issue of jurisdiction in this Court, the Court finds that the Defendant is estopped from denying such jurisdiction after having sought and pursued jurisdiction on two prior occasions."
Flint's mandamus petition seeks review of the trial court's order denying its motion to dismiss. Flint argues that the trial court erred in denying its motion to dismiss Hall's claims because, it says, neither the doctrine of estoppel nor the stipulations of the parties have any bearing on the scope of a court's subject-matter jurisdiction. Flint contends that regardless of what the prior settlement petitions may have asserted, those prior settlement agreements are irrelevant to the question at hand, which is whether the trial court had the authority to hear Hall's claims in this case. Flint therefore asserts that its mandamus petition is due to be granted. We disagree.
We note that a lack of subject-matter jurisdiction may be raised at any time, and that the question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.Ex parte Johnson, 715 So.2d 783, 785 (Ala. 1998); see also Exparte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281 (Ala. 1996);Forrester v. Putman, 409 So.2d 773 (Ala. 1981); and Norton v.Lindell, 280 Ala. 353, 194 So.2d 514 (1967); but see Ex parteJefferson County, 767 So.2d 343 (Ala. 2000) (holding that a mandamus petition was not the appropriate procedural vehicle for presenting the issue of lack of subject-matter jurisdiction); andEx parte Spears, 621 So.2d 1255 (Ala. 1993) (holding that mandamus relief is restricted to the case where a recognized exception applies or to the extraordinary case where the rights of a party cannot be adequately protected by appellate review of a final judgment).
This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala. 1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So.2d 704, 706
(Ala. 1987).
Our examination of the record and the briefs convinces us that the trial judge did not err in finding that Hall's employment was not localized in any particular state and that it was pursuant to a contract for hire entered into in Alabama. Thus, the court did not abuse its discretion by holding that it had subject-matter jurisdiction over Hall's claims. It was incumbent upon Flint to show that it had a clear legal right to the relief sought; it did not show that. Therefore, the petition for the writ of mandamus is denied.
WRIT DENIED.
Hooper, C.J., and Cook and Lyons, JJ., concur.
Johnstone, J., concurs in the result.
[1] Section 25-5-35, Ala. Code 1975, in pertinent part, reads:
 "(d) If an employee, while working outside of this state, suffers an injury on account of which he . . . would have been entitled to the benefits provided by this article and Article 3 of this chapter had such injury occurred within this state, such employee . . . shall be entitled to the benefits provided by this article and Article 3 of this chapter, provided that at the time of such injury:
". . . .
 "(2) He was working under a contract of hire made in this state in employment not principally localized in any state. . . ."