STUART, Justice.
Alfa Mutual Insurance Company (“Alfa”) petitions this Court for a writ of mandamus directing Judge Charles C. Partin to vacate his order staying its declaratory-judgment action filed in the Baldwin Circuit Court. We grant the petition and issue the writ.

Facts

In July 2003, Jimmie Young sued Toby Arnette, alleging:
“On or about December 8, 2002, [Ar-nette] did physically attack [Young], and did beat [Young] with [Arnette’s] fist and did kick [Young] in the face, which caused [Young] to suffer permanent physical impairment, injury, pain, and suffering.”
At the time of the alleged attack, Arnette owned an Alfa homeowner’s policy, which provided specified personal-liability coverage to Arnette, but also contained the following exclusion:
*419 “Coverage E — Personal liability does not apply to bodily injury which is either expected or intended by an insured; or which is a result of a willful or malicious act of an insured.”
In December 2004, Alfa filed an action seeking a judgment declaring that based on the exclusionary clause it had no duty to defend Arnette or to indemnify him in the event a judgment was entered against him in Young’s personal-injury case. In March 2005, Young, a named defendant in Alfa’s declaratory-judgment action, moved to stay the declaratory-judgment action, and the trial court granted the stay until his personal-injury action is resolved.
Alfa petitions this Court for a writ of mandamus directing the trial judge to vacate his order staying the declaratory-judgment action.

Standard of Review

“ ‘This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala.1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987).’
“Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000).”
Ex parte Barrows, 892 So.2d 914, 916 (Ala.2004).

Legal Analysis

Alfa contends that because this Court has approved the use of a declaratory-judgment action to determine an insurer’s duties and liabilities during the pen-dency of a previously filed action against its insured for damages and because the issues in Young’s personal-injury action against Arnette are not identical to the issues in its declaratory-judgment action, the trial court exceeded the scope of its discretion when it granted Young’s motion to stay the declaratory-judgment action. Young maintains that the trial court properly stayed the declaratory-judgment action because, he says, the declaratory-judgment action is premature and a ruling in that action may result in a “hypothetical” judgment, i.e., a judgment that may never be enforced; the factual issues concerning the assault in the personal-injury action are the same issues presented in the declaratory-judgment action; and Alfa failed to include indispensable parties in the declaratory-judgment action.
“This Court has consistently held that a declaratory judgment action will not be entertained if there is pending a prior action to which the same persons are parties and in which the same issues may be adjudicated....
[[Image here]]
“If a court is allowed to entertain a declaratory judgment action, then its judgment might be inconsistent with an order entered in the prior pending action dealing with the same issue.”
Evans v. Cumberland Lake Country Club, Inc., 682 So.2d 11, 15 (Ala.1996) (citations omitted). “An action for declaratory judgment may not supersede the determination of an issue already pending in another action filed prior to the declaratory judg- *420 merit.” Mathis v. Auto-Owners Ins. Co., 387 So.2d 166, 167 (Ala.1980).
In Smith v. North River Insurance Co., 360 So.2d 313 (Ala.1978), this Court held that while an action was pending against the insured, the insurer could bring a declaratory-judgment action to determine whether the insurer was obligated under the provisions of the insured’s policy to defend the insured in the earlier action. In Smith, the insured wounded an individual and the individual sued the insured alleging negligence and wantonness. The insured requested that North River Insurance defend him in the action. North River Insurance refused and filed a declaratory-judgment action to determine its duty to defend and whether its policy with the insured covered the incident. The insured’s policy excluded from coverage “ ‘bodily injury or property damage which is either expected or intended from the standpoint of the insured.’ ” 360 So.2d at 315. This Court held that the insurer’s pursuit of the declaratory judgment was proper because the issue in the declaratory-judgment action was different from the issue in the personal-injury suit. Specifically, this Court held:
“The issue raised in the declaratory judgment action was whether the insurance company was obligated, under the policy provisions, to defend the action brought ... against the insured. This issue turned on whether the injury, the basis of the personal injury suit, was ‘expected or intended’ as those terms are used in the contract between the insurance company and its insured. That is not the issue in the personal injury suit.”
360 So.2d at 315.
Here, Alfa, like the insurer in North River that requested a determination of its duty to defend the insured in light of the circumstances and the language in the insured’s policy, seeks a judgment determining its duty to defend its insured. This determination is different from the issue presented in Young’s personal-injury action.
The cases cited by Young in his answer to Alfa’s petition for the writ of mandamus are not sufficiently applicable to require a stay of Alfa’s declaratory-judgment action pending the resolution of his personal-injury action. Young’s reliance on MacMillan-Bloedel, Inc. v. Firemen’s Insurance Co. of New Jersey, 558 F.Supp. 596 (S.D.Ala.1983), is misplaced. That case involved a declaratory-judgment action brought against the insurer by the plaintiff in a previously filed negligence action against the insured. The federal district court held that the declaratory-judgment action was premature because the liability between the plaintiff and the insured had not yet been decided. Here, the insurer is seeking a determination as to whether it has a duty to defend the insured in the plaintiffs action against the insured. Therefore, MacMillan-Bloedel, Inc. has no application in this case.
Young further argues that the holding in Home Insurance Co. v. Hillview 78 West Fire District, 395 So.2d 43 (Ala.1981), supports the issuance of the stay. In Home Insurance Co., this Court held that dismissal of the declaratory-judgment action was proper where the insurance company’s declaratory-judgment action sought review of the same issue involved in the previously filed tort action. However, as previously established, the declaratory-judgment action here does not involve the same issues as the previously filed tort action; therefore, the holding in Home Insurance Co. is not applicable.
Lastly, Young argues that Alfa failed to include an indispensable party in the declaratory-judgment action; therefore, he argues, this Court should order *421 the trial court to dismiss the declaratory-judgment action. In support of this contention, Young relies on our holding in Stamps v. Jefferson County Board of Education, 642 So.2d 941, 944 (Ala.1994), that a declaratory-judgment action is not justi-ciable “where, by reason of inadequacy of parties defendant, the judgment could not be sufficiently conclusive.” According to Young, because Alfa did not name Mary Thompson, a codefendant in Young’s personal-injury action, as a defendant in its declaratory-judgment action, the declaratory-judgment action should be dismissed. In the declaratory-judgment action, Alfa seeks a determination only as to its obligation to defend Arnette. Therefore, Thompson is not a necessary party to the resolution of the issue whether the incident for which Arnette is seeking to have Alfa defend and indemnify him falls within the exclusion set forth in Arnette’s policy.

Conclusion

Alfa has established a clear legal right to have the stay vacated, and the trial court exceeded the scope of its discretion when it issued the stay and then denied Alfa’s request for reconsideration of that order. Therefore, we grant the petition and issue a writ directing the trial court to vacate its order staying Alfa’s declaratory-judgment action.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, HARWOOD, and BOLIN, JJ., concur.