STUART, Justice.
Aziz O. Mohabbat and Karima Mohab-bat sued Sanjay K. Singh and Ramendra P. Singh in the Tuscaloosa Circuit Court, asserting claims of suppression and unjust enrichment. Following a jury trial, the trial court entered a $630,000 judgment in favor of the Mohabbats. The Singhs moved for a new trial; however, their motion was ultimately denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., and the Singhs thereafter filed a notice of appeal to this Court. The Singhs also moved the trial court to enter a stay of execution of the $630,000 judgment pending the appeal even though, the Singhs alleged, they did not have the resources to execute a supersedeas bond in the amount required by Rule 8(a)(1), Ala. R.App. P.[1] On January 9, 2012, the trial court granted the motion and accepted a supersedeas bond in the amount of $100,000, as opposed to the $787,500 presumably required by Rule 8(a)(1). The Mohabbats moved the trial court to reconsider its decision that same day; however, the trial court denied their motion on January 17, 2012. On January 23, 2012, the Mohabbats petitioned this Court for a writ of mandamus directing the trial court to require the Singhs to execute a bond in the amount of $787,500 before a stay of execution of the judgment could be entered. On February 22, 2012, we ordered .the Singhs to file a response to that petition. We now grant the Mohabbats’ petition and issue the writ.
I.
“A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000).”
Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001). Moreover, “[bjecause mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly [exceeded] its discretion.” Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000) (citing Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987)).
II.
The Mohabbats argue that the trial court was without authority to reduce the supersedeas bond required by Rule 8(a)(1); rather, they argue, only this Court can waive the clear requirement of Rule 8(a)(1) and reduce the amount of the required supersedeas bond. Moreover, the Mohab-bats allege that the Singhs failed to put forth any evidence indicating that a reduced supersedeas bond was appropriate, even if the trial court was empowered to make such a decision. Accordingly, we first review whether a trial court has authority to reduce the amount of the super-sedeas bond required by Rule 8(a)(1). This Court has previously considered this *81 issue in Ex parte Spriggs Enterprises, Inc., 376 So.2d 1088, 1088-89 (Ala.1979):
“The issue for our determination is whether the amount of the bond required to stay execution of a judgment solely for the payment of money rests within the trial court’s discretion in view of [Ala. R.App. P.] 8. We hold that it does not.
“Rule 8 of our Rules of Appellate Procedure provides in part:
‘“(a) Stay by Supersedeas Bond. The appellant shall not be entitled to a stay of execution of the judgment pending appeal (except as provided in [Ala. R. Civ. P.] Rule 62(e)) unless he executes bond with good and sufficient sureties, approved by the clerk of the trial court, payable to appellee (or to the clerk or register if the trial court so directs), with condition, failing the appeal, to satisfy such judgment as the appellate court may render, when the judgment is:
“ ‘(1) For the payment of money only, in an amount equal to 150% of the amount of the judgment if the judgment does not exceed $10,000.00, or 125% if the judgment exceeds $10,-000.00[.]’
“The plain meaning of Rule 8(a)(1) is that one who appeals a judgment against him for money damages only must execute a supersedeas bond in an amount equal to 125% of the amount of the judgment when the judgment exceeds $10,000.00. The language utilized in the rule is mandatory; the trial judge is given no discretion in setting the amount of the supersedeas bond.”
(Final emphasis added.) Thus, Ex parte Spriggs Enterprises makes it clear that the trial court has no discretion to alter the amount of the supersedeas bond required by Rule 8(a)(1).
It is apparent, however, that there was some confusion among the parties and the trial court on this issue based on the fact that this Court has recognized that the strict requirements of Rule 8(a) may be waived in extraordinary circumstances. Those extraordinary circumstances are described in the Committee Comments to Rule 8(a) and (b), Adopted January 12, 2005:
“In Ex parte Spriggs Enterprises, Inc., 376 So.2d 1088,1089 (Ala.1979), the Alabama Supreme Court held that ‘[t]he plain meaning of Rule 8(a)(1) is that one who appeals a judgment against him for money damages only must execute a supersedeas bond in an amount equal to 125% of the amount of the judgment when the judgment exceeds $10,000. The language utilized in the rule is mandatory; the trial judge is given no discretion in setting the amount of the su-persedeas bond.’ Note, however, that the Supreme Court has recognized, for good cause shown (set forth as grounds for a motion filed by the appellant) and pursuant to Rule 8(b) and Rule 2, [Ala. R.App. P.,] the need to suspend the requirements of Rule 8(a) in extraordinary circumstances and to direct the trial court to accept a bond in an amount other than that required by Rule 8(a). For example, on December 29, 2003, in case no. 1030488, Ware v. Timmons, in response to a motion to suspend the requirement of Rule 8(a)(1), the Alabama Supreme Court issued an order, providing, in pertinent part:
“ ‘It is ordered that the appellants are required to post with the trial court the maximum bond obtainable, based on the appellants’ entire net worth and available insurance coverage, to be determined by the trial court, within 14 days from the date of this order.’ ”
*82 Importantly, this is not an enumerated exception to Rule 8(a); rather, it is a recognition that, in some instances, justice requires that the rule be waived. Rule 2(b), Ala. R.App. P., authorizes such a waiver, providing that “[i]n the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction_” (Emphasis added.) There is no rule authorizing a trial court to suspend a rule of appellate procedure, and a trial court has no discretion to do so. Only an appellate court may waive the requirements of Rule 8(a)(1) and authorize the acceptance of a supersedeas bond in an amount less than that described in Rule 8(a)(1). Hence, the Committee Comments quoted above state that in such extraordinary circumstances an appellate court may “direct” the trial court to accept a bond in an amount other than the amount required by Rule 8(a).
Moreover, we note that although Rule 8(b) provides that a motion for a stay of a judgment pending appeal or for approval of a supersedeas bond “must ordinarily be made in the first instance in the trial court,” this requirement does not apply when a party is seeking permission to execute a reduced supersedeas bond in order to obtain a stay of a judgment. As explained supra, the trial court can only deny such a motion; it has no authority to grant such a motion, and “Alabama law does not require the performance of a vain or useless act.” Mutual Assur., Inc. v. Wilson, 716 So.2d 1160, 1165 (Ala.1998). Rather, a party seeking a reduced super-sedeas bond should, as prescribed by Rule 8(b), file a motion in the appellate court in which the appeal is pending explaining that “application to the trial court for the relief sought is not practicable,” Rule 8(b), because the trial court lacks authority to grant that relief.[2] Such a motion should be accompanied by parts of the record and other evidence as permitted by Rule 8(b) supporting the movant’s argument that a reduced supersedeas bond is appropriate. See Scrushy v. Tucker, 955 So.2d 988,1001 (Ala.2006) (“Absent evidence from [the appellant] as to his inability to make any arrangements that would satisfy the requirements for posting a supersedeas bond, consideration of the Ware option is premature. We therefore deny the emergency motion to stay execution of the judgment.”). No such motion has been filed with this Court in this case.
III.
The trial court had a duty to apply Rule 8(a)(1) and to require the Singhs to execute a bond in the amount of $787,500 before granting their motion for a stay of execution of the judgment entered against them. Because the trial court has failed to do so, the Mohabbats have a clear legal right to the relief they seek, and their petition is granted. The trial court is hereby directed to vacate its January 9, 2012, order granting the Singhs’ motion to accept a supersedeas bond in the amount of $100,000 and further directed not to accept any supersedeas bond in an amount less than $787,500 — the amount required *83 by Rule 8(a)(1) — unless otherwise directed by this Court at a later date.
PETITION GRANTED; WRIT ISSUED.
WOODALL, PARKER, SHAW, and WISE, JJ., concur.
MALONE, C.J., recuses himself.

. Rule 8(a)(1) provides that an appellant against whom a monetary judgment has been entered is entitled to a stay of execution of that judgment pending appeal only upon executing a supersedeas bond "in an amount equal to ... 125% [of the judgment] if the judgment exceeds $10,000.00.”

. We note, however, that the requirement that a motion for a stay of a judgment pending appeal or for approval of a supersedeas bond ordinarily be brought first in the trial court does have operation when the judgment being appealed is, in whole or in part, a nonmone-tary judgment. In such an instance, the trial court does have discretion in setting the amount of the supersedeas bond required so long as, if the judgment appealed includes any monetary damages, it is at least equal to what Rule 8(a)(1) would require if the judgment included only those monetary damages. See Rules 8(a)(2) and (3).