*903 THOMPSON, Presiding Judge.
The Alabama Department of Labor ("the Department") filed in this court a petition for a writ of mandamus challenging an order of the Etowah Circuit Court ("the trial court") denying the Department's motion to dismiss an administrative appeal filed by Personnel Staffing, Inc.
The materials submitted to this court indicate that the Department sent a letter dated July 25, 2016, to Personnel Staffing stating:
"We have been notified of a transfer of assets and employees from MANNING MICHAEL JASON, ADVANCED STAFFING LLC to your business effective 11/01/2015.
"Benefit cost charged and taxable payrolls credited to your predecessor's experience rating account are transferred to your account for tax rate purposes. Any subsequent benefit cost that would have been chargeable to your predecessor will be charged to your account.
"If you disagree with this determination, a written protest must be filed within fifteen (15) days from the date of this letter according to ALDOL Administrative Code 480-4-2-23. "
(Bold typeface in original.) We note that the parties have referred to this notification as the Department's determination of Personnel Staffing's "successor liability" for unemployment-compensation benefits.
It is undisputed that Personnel Staffing did not file a written protest of the July 25, 2016, successor-liability notification letter.
By letter dated July 28, 2016, the Department notified Personnel Staffing of its tax rate, effective January 1, 2016. That letter contained a notification that the "tax rate is final unless written request for review is submitted within 30 days" of the July 28, 2016, tax-rate notification letter.
On August 26, 2016, within the 30 days specified in the July 28, 2016, tax-rate notification letter, Personnel Staffing notified the Department that it was requesting a formal review of the Department's tax-rate determination. In that notification, Personnel Staffing disputed the Department's calculation of its unemployment-compensation tax by arguing that it had not acquired a new company or new employees-i.e., Personnel Staffing disputed its successor liability.[1]
The Department, by letter dated September 8, 2016, notified Personnel Staffing that it had reviewed the July 28, 2016, tax-rate notification letter and had determined that the tax rate listed in that letter was correct. In doing so, the Department explained:
"Personnel Staffing, Inc., has been determined to meet the criteria of being a mandatory successor to Manning Michael Jones, d.b.a. Advanced Staffing LLC, as set forth in the Unemployment Compensation Laws of Alabama.
"Among the requirements to be made a successor set forth in Section 25-4-8(4) a. of the [unemployment-compensation] laws of Alabama is the acquisition of 65% of the employees of an existing business. Beginning the fourth quarter of 2015, Personnel Staffing, Inc., acquired *904 107 out of 145 former employees of Advanced Staffing LLC, approximately 74% of their employees. The employment of so many of Advanced Staffing LLC's employees satisfies the requirements of Alabama's [unemployment-compensation] laws and makes Personnel Staffing, Inc., a mandatory full-successor."
Personnel Staffing filed an appeal of the September 8, 2016, Department decision to the trial court. On November 18, 2016, the Department moved the trial court to dismiss Personnel Staffing's appeal. Personnel Staffing filed an opposition to the motion to dismiss. Apparently in response to that opposition, the Department, on January 13, 2017, filed in the trial court the affidavit of Jo Doyal, the supervisor of the Department's unemployment-compensation division. Thereafter, also on January 13, 2017, the trial court entered an order, based on its consideration of the parties' filings and the oral arguments it considered during a hearing on that date, in which the trial court denied the Department's motion to dismiss Personnel Staffing's appeal.
The Department has filed this petition for a writ of mandamus, arguing that the trial court lacked jurisdiction over Personnel Staffing's appeal because, it says, that appeal pertained to Personnel Staffing's arguments regarding the Department's determination of successor liability and, therefore, that the appeal was not timely. "We note that a lack of subject-matter jurisdiction may be raised at any time, and that the question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Johnson, 715 So.2d 783, 785 (Ala. 1998)." Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala. 2000). Further,
"[t]his Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala. 1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So.2d 704, 706 (Ala. 1987)."
Ex parte Flint Constr. Co., 775 So.2d at 808.
In its petition for a writ of mandamus, the Department argues that Personnel Staffing failed to timely appeal its July 25, 2016, successor-liability determination. The Department relies on a portion of Ala. Admin. Code (Dep't of Labor), Rule 480-4-2-.23, which it referenced in the portion in bold typeface in its July 25, 2016, successor-liability notification letter to Personnel Staffing. That regulation states, in pertinent part:
"(3) Determination of Status of Employer. Employing units will have their liability under the Alabama Unemployment Compensation law determined promptly upon receipt of all the required information prescribed by statute or these rules. The employing unit will be notified of the determination by regular mail and, if appropriate, the notice shall contain the assigned account number and contribution rate. If the employer disagrees with the final determination, an administrative review of the facts involved in the liability decision will be conducted at the written request of the employer. The *905 request shall be made within 15 days of the date the notice of determination is mailed and shall be directed to the attention of 'Tax Operations.' "
(Emphasis added.)
The Department's July 25, 2016, successor-liability notification letter stated that it had been notified that Advanced Staffing LLC had transferred its assets and employees to Personnel Staffing and that the "benefit costs" that Advanced Staffing LLC would have incurred would be charged to Personnel Staffing's account with the Department. Although the July 25, 2016, letter notified Personnel Staffing of its right to dispute that determination within 15 days, Personnel Staffing filed no appeal or challenge of the July 25, 2016, successor-liability determination.
Personnel Staffing relies on a portion of § 25-4-54, Ala. Code 1975, which provides for a 30-day period to appeal certain determinations by the Department. Section 25-4-54(h) provides:
"(h) Review of contribution rate, etc. Any employer may apply to the secretary [of the Department] for and shall be entitled to a review as to the determination of his or her benefit ratio and his or her contribution rate as fixed by his or her benefit ratio, provided such application is filed within 30 days of the date of the mailing by the secretary to the employer of the notice of such determination. Pending such review, such employer shall make all contribution payments otherwise required by this chapter at contribution rates fixed by the determination sought to be reviewed and resulting overpayments or underpayments of contributions by the employer shall, upon any redetermination, be adjusted or refunded pursuant to Section 25-4-137[, Ala. Code 1975 ]. Any employer may within 30 days after the date of notification by the secretary to such employer of notice of the ruling of the secretary upon such application for review appeal such ruling to the circuit court of any county wherein the employer is engaged in doing business, upon such terms and upon giving such security for costs as the court may upon application prescribe. Trial in that court shall be de novo with respect to his or her benefit ratio."
Both parties refer this court to Alabama Department of Industrial Relations v. AHI Linden Lumber, LLC, 68 So.3d 187 (Ala. Civ. App. 2011). In that case, the Alabama Department of Industrial Relations ("ADIR"), which is now the Department, see § 25-2-1.1, Ala. Code 1975, notified AHI Linden Lumber, LLC ("AHI"), by letter dated May 13, 2008, that ADIR had determined, among other things, that AHI was a " 'successor in interest' " to Linden Lumber Company, Ltd., 68 So.3d at 189. That letter notified AHI of its right to appeal the determination within 30 days. Id. The letter did not reference any authority upon which it based that 30-day appeal period. AHI did not file an appeal of that May 13, 2008, determination until October 2, 2008, although it did timely appeal a 2009 assessment. The trial court determined that AHI was not a successor in interest, and ADIR appealed. This court held that the trial court had erred in reversing ADIR's determination that AHI was a successor in interest because AHI had failed to timely appeal that determination:
"Reading the provisions of § 25-4-54 as a whole, we are compelled to agree with ADIR that the determination that AHI was a successor in interest to Linden Lumber became final when AHI failed to appeal that determination within 30 days after it was notified of that determination by ADIR in the May 13, 2008, notification letter. As a result, we *906 conclude that that determination could not be overturned by the trial court."
Alabama Dep't of Indus. Relations v. AHI Linden Lumber, LLC, 68 So.3d at 193.
In this case, Personnel Staffing failed to appeal the July 25, 2016, successor-liability determination within the 15 days set forth in Ala. Admin. Code (Dep't of Labor), Rule 480-4-2-.23(3), and as specified in the July 25, 2016, successor-liability notification letter from the Department to Personnel Staffing. Personnel Staffing contends that under § 25-4-54(h) and AHI Linden Lumber, supra, it had 30 days, rather than the 15 days specified in Rule 480-4-2-.23(3), to appeal. Even assuming, without deciding, that Personnel Staffing's argument is correct, Personnel Staffing's August 26, 2016, appeal was not filed within 30 days of the July 25, 2016, successor-liability determination. Thus, Personnel Staffing's appeal, insofar as it could be said to be taken from the July 25, 2016, successor-liability notification letter, is not timely.
However, Personnel Staffing timely filed its August 26, 2016, challenge of the July 28, 2016, tax-rate notification of its unemployment-compensation tax rate. Personnel Staffing filed that challenge within 30 days of the July 28, 2016, notification letter, as specified in the letter. The Department does not dispute that § 25-4-54(h) governed the time to appeal from the July 28, 2016, tax-rate notification letter. In response to that challenge, the Department, on September 8, 2016, rejected Personnel Staffing's arguments pertaining to the successor-liability determination by explaining its conclusion that Personnel Staffing was a successor to Advanced Staffing LLC. Personnel Staffing pointed out to the trial court, and also argues to this court in its response to the petition for a writ of mandamus, that in its September 8, 2016, letter, the Department addressed the issue of the successor liability and explained its successor-liability determination together with its finding that the tax rate it had assigned Personnel Staffing was correct. Personnel Staffing argues that the Department clearly addressed both the issue of successor liability and the applicable tax rate in the September 8, 2016, letter and that it had not maintained that Personnel Staffing's appeal of the successor-liability determination was untimely in that letter. However, when Personnel Staffing appealed the September 8, 2016, determination to the trial court, the Department argued that the successor-liability determination had been made final by Personnel Staffing's failure to appeal that determination within 15 days. In the trial court, Personnel Staffing raised the issue of that purported change in position by the Department. The Department has not addressed that issue in its petition for a writ of mandamus filed in this court.
Personnel Staffing also argued before the trial court, and reasserts before this court in opposing the petition for a writ of mandamus, that it cannot be required to appeal a successor-liability determination when the Department failed to explain, in its notification of that determination, the impact or financial effect that the successor-liability determination would have on Personnel Staffing. Personnel Staffing points out that the July 28, 2016, letter first notified it of the increase in the amount of its unemployment-compensation tax caused by the successor-liability determination and that it appealed the July 28, 2016, tax-rate determination. Personnel Staffing maintains that, until it understood the impact or financial effect of the Department's successor-liability determination, it had no reason to decide whether to appeal that determination. The Department has not addressed, either before this court or before the trial court, Personnel Staffing's argument that it was not required to appeal the successor-liability *907 determination until the Department had notified it how that determination would impact its unemployment-compensation tax rate.
Thus, in opposition to the Department's motion to dismiss, Personnel Staffing asserted two arguments before the trial court upon which the trial court could have based its decision to deny the Department's motion to dismiss. This opinion should not be construed as commenting on the merits of those arguments. Ex parte Austal USA, LLC, 233 So.3d 975, 981 (Ala. 2017) (in considering a motion to dismiss, this court does not consider whether a party may ultimately prevail but whether there is a possibility the party might prevail); Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993) (same). However, the Department did not address either of those arguments before the trial court, and it has not addressed them in its petition for a writ of mandamus filed in this court. We are cognizant that the Department's position is that Personnel Staffing is barred from disputing its successor-liability determination; however, in failing to address the arguments Personnel Staffing asserted before the trial court, the Department has left to this court the burden of determining whether the trial court erred in accepting one or both of those arguments. Ex parte Simpson, 36 So.3d 15, 25 (Ala. 2009) (" 'It is not this Court's function to do independent research to determine whether a petitioner for a writ of mandamus has established a clear legal right.' " (quoting Ex parte Metropolitan Prop. & Cas. Ins. Co., 974 So.2d 967, 972 (Ala. 2007) (emphasis omitted))).
It is the burden of the Department, as the petitioner, to demonstrate a clear legal right to the relief it seeks. We conclude that the Department has failed to meet its burden of demonstrating a clear legal right to relief, and, therefore, we deny its petition for a writ of mandamus.
PETITION DENIED.
Donaldson, J., concurs.
Thomas, J., concurs in the result, without writing.
Moore, J., concurs in the result, with writing, which Pittman, J., joins.
MOORE, Judge, concurring in the result.
The Alabama Department of Labor ("the Department") petitions this court to issue a writ of mandamus to the Etowah Circuit Court compelling that court to dismiss an appeal filed by Personnel Staffing, Inc. This court denies that petition. For the following reasons, I concur in that result.
Rule 480-4-2-.23(3), Ala. Admin. Code (Dep't of Labor), provides:
"Determination of Status of Employer. Employing units will have their liability under the Alabama Unemployment Compensation law determined promptly upon receipt of all the required information prescribed by statute or these rules. The employing unit will be notified of the determination by regular mail and, if appropriate, the notice shall contain the assigned account number and contribution rate. If the employer disagrees with the final determination, an administrative review of the facts involved in the liability decision will be conducted at the written request of the employer. The request shall be made within 15 days of the date the notice of determination is mailed and shall be directed to the attention of 'Tax Operations.' Should the employer disagree with the results of the review and upon notice fails to submit the required reports and/or pay the contributions that become due under *908 these rules or statute, the employer may be given the opportunity for a hearing. Such hearing will be provided during the assessment proceedings as prescribed by statute and rules."
Under the foregoing regulation, the Department may determine whether an "employing unit" is a successor in interest to a previously covered employer in order to ascertain its "liability" under Alabama's unemployment-compensation laws.
In this case, the Department notified Personnel Staffing, by letter dated July 25, 2016, that it had determined that Personnel Staffing was a successor in interest to Michael Jason Manning and Advanced Staffing LLC. However, the Department did not inform Personnel Staffing of its contribution rate at that time. Notably, Rule 480-4-2-.23(3) provides that, "if appropriate, the notice shall contain the assigned account number and contribution rate." (Emphasis added.) In this case, because the Department was changing the contribution rate for Personnel Staffing, it would have been appropriate for the Department to notify Personnel Staffing of its contribution rate, which the Department did not do until three days later on July 28, 2016. Thus, the receipt of the July 28, 2016, letter should be considered the triggering event for seeking administrative review.
Section 25-4-54(h), Ala. Code 1975, provides, in pertinent part:
"Any employer may apply to the secretary [of the Department] for and shall be entitled to a review as to the determination of his or her benefit ratio and his or her contribution rate as fixed by his or her benefit ratio, provided such application is filed within 30 days of the date of the mailing by the secretary to the employer of the notice of such determination."
Pursuant to that statute, an employer is entitled to administrative review regarding the Department's determination of its contribution rate by applying to the Secretary of the Department within 30 days. To the extent that Rule 480-4-2-.23(3) limits an employer to only 15 days to seek administrative review of the determination of a contribution rate, that regulation conflicts with § 25-4-54(h), and the 30-day limitations period in the statute prevails. Ex parte Jones Mfg. Co., 589 So.2d 208, 210 (Ala. 1991) ("The provisions of a statute will prevail in any case of a conflict between a statute and an agency regulation.").
By letter dated August 26, 2016, Personnel Staffing properly availed itself of its right to administrative review within 30 days of the date of the July 28, 2016, letter containing the contribution-rate determination. The Department concluded its administrative review and notified Personnel Staffing by letter dated September 8, 2016, that it maintained the accuracy of the adjusted contribution rate based on its determination that Personnel Staffing was, indeed, a successor in interest. Section 25-4-54(h) provides that a party has 30 days from the notice of the final determination by the Department of a contribution rate to file an appeal to the appropriate circuit court if it disagrees with the Department's decision. Personnel Staffing timely filed its notice of appeal to the Etowah Circuit Court ("trial court"). Thus, the trial court has subject-matter jurisdiction over the final determination made by the Department in regard to the correct contribution rate, which includes the issue whether Personnel Staffing has properly been deemed a successor in interest.
This case differs from Alabama Department of Industrial Relations v. AHI Linden Lumber, LLC, 68 So.3d 187 (Ala. Civ. App. 2011), an opinion I authored. In that case, the Alabama Department of Industrial Relations, which is now the Department, *909 see § 25-2-1.1, Ala. Code 1975, notified AHI Linden Limber, LLC ("AHI"), by letter dated May 13, 2008, that the Department of Industrial Relations had determined that AHI was a successor in interest to Linden Lumber Company, Ltd. In that same letter, the Department of Industrial Relations "assigned AHI an employer account number and informed AHI of its unemployment-compensation contribution rate." 68 So.3d at 189. The Department of Industrial Relations informed AHI that it could file a written protest of the determination within 30 days, consistent with § 25-4-54(h). AHI did not file a written protest or request an administrative review within the 30-day period outlined in the letter. AHI later challenged a 2009 unemployment-contribution-rate assessment on the basis that it was not a successor in interest. When the Department of Industrial Relations denied the challenge, AHI appealed to the Marengo Circuit Court, which determined that AHI was not a successor in interest.
On appeal, this court determined that the Marengo Circuit Court had lacked jurisdiction over the Department of Industrial Relations' determination that AHI was a successor in interest. This court's opinion hinged on the fact that AHI did not timely appeal from the original determination of its status as a successor in interest, which had been made in the May 13, 2008, letter and which also informed AHI of its contribution rate. Under § 25-4-54(h), AHI could have requested an administrative review and appealed any adverse final determination regarding its contribution rate as a successor in interest, but it failed to do so. The opinion concludes that AHI could not later raise the issue of its status as a successor in interest, which had already been finally determined, in an appeal from a 2009 assessment.
In this case, on the other hand, Personnel Staffing requested administrative review of its contribution rate as a successor in interest within 30 days of receiving the July 28, 2016, letter, which was the first letter that contained all the information the Department had a mandatory duty to provide to Personnel Staffing in order for it to determine whether to seek administrative review. Unlike AHI, which was informed of its contribution rate as a successor in interest on May 13, 2008, but did not timely request an administrative review, Personnel Staffing fully complied with § 25-4-54(h) by requesting administrative review and appealing from the final determination of the Department within the specified periods. By challenging its contribution rate as a successor in interest in its appeal, Personnel Staffing is not attempting to improperly raise an issue that should have been raised in an earlier administrative review and appeal.
Pursuant to § 25-4-54(h), the trial court has subject-matter jurisdiction over the appeal filed by Personnel Staffing, which includes the issue whether the contribution rate had been properly assessed against Personnel Staffing as a successor in interest. The Department has failed to show that the trial court lacks jurisdiction and that it has a clear legal right to dismissal of the appeal. Therefore, its petition for a writ of mandamus is due to be denied. See Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala. 2000).
Pittman, J., concurs.

Specifically, in its August 26, 2016, letter notifying the Department of its challenge to the July 28, 2016, tax-rate notification, Personnel Staffing stated:
"Our understanding is that this proposed increase is due to new business with one particular client. This new client was awarded through our normal course of business and is [sic] no form or fashion considered to be an acquisition of the company or its employees. Furthermore, we did not willingly or knowingly violate any provision of Section 25-4-8[, Ala. Code 1975]."