DONALDSON, Judge.
Mia Simone Curtis ("the wife") has filed a petition for the writ of mandamus seeking to have this court direct the Talladega Circuit Court ("the trial court") to vacate its September 18, 2017, order staying the execution of a judgment entered in a divorce action between the wife and Barry G. Curtis ("the husband") pending the outcome of the appeal of that judgment. Because the husband has not executed a supersedeas bond as required by Rule 8, Ala. R. App. P., the husband is not entitled to a stay, and we therefore grant the wife's petition and issue the writ.
The parties' underlying divorce proceedings were initiated in May 2011. On July 28, 2015, the trial court entered an order that, among other things, divorced the parties and divided their property. In September 2015, the husband appealed to this court. In May 2016, this court dismissed the husband's appeal as having been taken from a nonfinal judgment after determining that a contempt claim remained pending in the trial court. Curtis v. Curtis, 210 So.3d 1120 (Ala. Civ. App. 2016) (" Curtis I").
Based on the materials submitted with the wife's mandamus petition, it appears that the trial court entered a final judgment on January 6, 2017, amending the July 28, 2015, order to expressly deny all other relief requested by the parties that was not specifically addressed in the judgment. As part of the divorce judgment, the wife was awarded, among other things, $500,000 in alimony in gross, payable in monthly installments of $3,000; certain real property; certain proceeds from the sale of the parties' real property; $10,000 in attorney's fees; and a monetary award in the amount of $9,682, representing an amount intercepted by the federal Internal Revenue Service based on the husband's failure to timely and accurately file the parties' joint income-tax return.
On February 13, 2017, the husband filed a notice of appeal to this court, which was docketed as appeal no. 2160315. The husband did not execute a supersedeas bond. The wife filed a cross-appeal, which was docketed as appeal no. 2160327 and which this court, ex mero motu, consolidated with the husband's appeal (the husband's appeal and the wife's cross-appeal are hereinafter referred to collectively as "Curtis II").
In May 2017, after the notices of appeal were filed in Curtis II, the wife apparently served processes of garnishment directed to four nonparty businesses. On June 14, 2017, the husband filed a motion in the trial court seeking to quash the processes of garnishment and to stay any further execution of the final judgment pending the conclusion of the appeals in Curtis II. A copy of the garnishment documents are not contained within the materials submitted to this court, but, according to the husband's motion, the wife sought to collect $70,773.75. In his motion, the husband asserted that the processes of garnishment did not specify the funds to be garnished or identify how the amounts sought were calculated and that, if the garnishments were carried out, he would be "financially *374 crippled." The husband also asserted that he
"contests the valuation of his company in [Curtis II ], among other issues, and therefore, the resulting alimony in gross that he is required to pay to [the wife], posting a supersedeas bond for 125% of the money judgment as specified [in Rule 8, Ala. R. App. P.,] would have been inequitable in this case. As such, a formal stay of the existing Final Judgment of Divorce is necessary and equitable."
On June 20, 2017, the wife filed a response in opposition to the husband's motion in which she asserted, among other things, that the husband was not entitled to a stay absent the execution of a supersedeas bond. On September 18, 2017, after a hearing, the trial court granted the husband's motion to quash the processes of garnishment and stayed any further execution of the final judgment pending the outcome of the appeals in Curtis II.
On October 2, 2017, the wife filed her petition for the writ of mandamus to this court within the presumptively reasonable time. See Rule 21(a)(3), Ala. R. App. P., and Norman v. Norman, 984 So.2d 427, 429 (Ala. Civ. App. 2007) ("The presumptively reasonable time within which to file a petition for a writ of mandamus is the time in which an appeal may be taken.").
" ' "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." ' Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala. 2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995) )."
Ex parte A.M.P., 997 So.2d 1008, 1014 (Ala. 2008). Our supreme court has recognized that "a writ of mandamus is an appropriate means by which to review ... [the] grant of a motion to set aside previous supersedeas bond amount ...." Ex parte U.S. Bank Nat'l Ass'n, 148 So.3d 1060, 1064 (Ala. 2014) (citing Ex parte Mohabbat, 93 So.3d 79 (Ala. 2012) ).
In her mandamus petition, the wife argues that, because the husband did not post a supersedeas bond, this court should direct the trial court to vacate its order granting the stay. The husband responds that mandamus is not an appropriate remedy insofar as the trial court's order quashes the processes of garnishment. The wife, however, has not challenged in her mandamus petition the portion of the trial court's order quashing the processes of garnishment. Therefore, we will determine only whether the wife is entitled to the relief specifically requested in her petition-i.e., whether the trial court's order staying execution of the judgment absent the husband's posting of a supersedeas bond should be vacated.
Rule 8(a), Ala. R. App. P., provides that
"[t]he appellant shall not be entitled to a stay of execution of the judgment pending appeal (except as provided in Rule 62(e), Ala. R. Civ. P.) unless the appellant executes bond with good and sufficient sureties, approved by the clerk of the trial court, payable to the appellee ..., with condition, failing the appeal, to satisfy such judgment as the appellate court may render ...."
Our supreme court has explained that
"[t]he plain meaning of Rule 8(a)(1) is that one who appeals a judgment against him for money damages only must execute a supersedeas bond in an amount equal to 125% of the amount of the judgment when the judgment exceeds *375 $10,000.00. The language utilized in the rule is mandatory; the trial judge is given no discretion in setting the amount of the supersedeas bond."
Ex parte Spriggs Enters., Inc., 376 So.2d 1088, 1089 (Ala. 1979). "The default rule is that the prevailing party may immediately execute on the judgment. If the appellant desires a stay, it is his responsibility to post the required bond." Scrushy v. Tucker, 955 So.2d 988, 1000 (Ala. 2006). See Ex parte Mohabbat, 93 So.3d 79 (Ala. 2012) (holding that the trial court lacked the authority to reduce a supersedeas bond required by Rule 8 in order to stay execution of monetary judgment pending appeal).
The husband's sole argument in response to the wife's request to have the stay order vacated is that the wife's request is barred based on the law-of-the-case doctrine because, he asserts, the wife did not contest in this court the husband's failure to execute a supersedeas bond when the trial court issued a stay in Curtis I. The law-of-the-case doctrine provides "that on remand the issues decided by an appellate court become the 'law of the case,' and that the trial court must comply with the appellate court's mandate." Gray v. Reynolds, 553 So.2d 79, 81 (Ala. 1989). The doctrine is not applicable when the appellate court made no decision on the issue under review. See Bagley ex rel. Bagley v. Creekside Motors, Inc., 913 So.2d 441, 446 (Ala. 2005) (holding that the law-of-the-case doctrine is inapplicable to an issue that was not "dispositively decide[d]" before remand). This court was not presented with, nor did it decide, any issue regarding the propriety of the trial court's issuance of a stay in Curtis I. Further, the wife is seeking mandamus relief from a new order granting a stay that was entered after Curtis I was decided. Accordingly, the law-of-the-case doctrine does not operate to bar the wife's requested relief.
In support of her mandamus petition, the wife argues that, absent the execution of a supersedeas bond, she has a clear legal right to execute on the judgment, that the trial court had an imperative duty to allow her to execute on the judgment but instead granted the stay, and that she lacks another adequate remedy. We agree.
" '[A]n appeal does not ordinarily supersede the judgment in the absence of a supersedeas bond.' St. Regis Paper Co. v. Kerlin, 476 So.2d 64, 66 (Ala. 1985) (citing Moore v. LeFlore, 288 Ala. 315, 260 So.2d 585 (1972) ).
" 'The purpose of requiring a supersedeas bond is to preserve the status quo pending the appeal. Ex parte Spriggs Enterprises, Inc., 376 So.2d 1088 (Ala. 1979). When one appeals without posting a supersedeas bond, the appellee's right to enforce the judgment is not suspended during the appeal, and, whatever measures are necessary for the execution of the judgment, it is the duty of the trial court to pursue them on application of the party in interest. Ex parte Dekle, 278 Ala. 307, [309,] 178 So.2d 85[, 86] (1965).'
" Baker v. Bennett, 660 So.2d 980, 982 (Ala. 1995)."
Davis v. Davis, 221 So.3d 474, 479-80 (Ala. Civ. App. 2016). The materials before this court indicate that the trial court issued a stay despite the husband's failure to execute a supersedeas bond, in contravention of Rule 8, Ala. R. App. P., thereby preventing the wife from executing on the judgment. The materials also indicate that the order granting the stay, entered after the husband had appealed the final judgment to this court, is an interlocutory order, and, therefore, the wife does not have any remedy other than *376 seeking mandamus relief. See Ex parte U.S. Bank Nat'l Ass'n, 148 So.3d at 1064 (holding that a petition for the writ of mandamus is an appropriate mechanism for reviewing issues regarding the grant of a supersedeas bond). Accordingly, the wife's mandamus petition is due to be granted, and the trial court is directed to vacate its September 18, 2017, order granting the husband's motion to stay execution of the judgment.
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.